NUMBER 13-05-00314-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


LEONARD CRENSHAW, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court of Nueces County, Texas.


 


MEMORANDUM OPINION



Before Justices Hinojosa, Rodriguez, and Garza


Memorandum Opinion by Justice Hinojosa



 A jury found appellant, Leonard Crenshaw, guilty of the offense of securing the
execution of a document by deception (count 1); (1) the offense of theft (count 2); (2) and the
offense of medicaid fraud (count 3). (3)
 The trial court assessed appellant's punishment at
fifteen years' imprisonment for count 1, fifteen years' imprisonment for count 2, and ten
years' imprisonment for count 3. The court ordered all sentences to run concurrently. In
two issues appellant contends the trial court erred in (1) denying his motion to dismiss
count 1 on limitations grounds, and (2) denying his motion that the State elect between
counts 2 and 3. We affirm counts 1 and 2, and vacate and render count 3. See Tex. R.
App. P. 43.1(b).

A. Limitations


 In his first issue, appellant contends the trial court erred in denying his motion to
quash count 1 of the indictment because it was barred by limitations. 

 The sufficiency of an indictment is a question of law. State v. Moff, 154 S.W.3d 599,
601 (Tex. Crim. App. 2004). When the resolution of a question of law does not turn on the
evaluation of the credibility and demeanor of a witness, the trial court is not in a better
position to make the determination and the appellate court should conduct a de novo
review of the issue. Id.; see Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Because the trial court's decision in this case was based on appellant's motion to quash,
the State's response, and the argument of counsel, we conduct a de novo review of the
trial court's ruling. See Moff, 154 S.W.3d at 601; see also State v. Rosenblum, 910 S.W.2d
934, 948 (Tex. Crim. App. 1994) (dissenting op. adopted on reh'g) (sufficiency of
indictment at pretrial motion to quash cannot be supported or defeated by evidence).

 The limitation period for the offense of securing the execution of a document by
deception is seven years from the date of the commission of the offense. Tex. Pen. Code
Ann. § 12.01(3)(B) (Vernon Supp. 2006). A person commits the offense of securing the
execution of a document by deception "if, with intent to defraud or harm any person, he,
by deception . . . causes another to sign or execute any document affecting property or
service or the pecuniary interest of any person." Tex. Pen. Code Ann. § 32.46(a) (Vernon
Supp. 2006). A crime is complete for purposes of limitations only when all elements have
been completed. Barnes v. State, 824 S.W.2d 560, 562 (Tex. Crim. App.1991), overruled
on other grounds by Proctor v. State, 967 S.W.2d 840 (Tex. Crim. App.1998); see Ex parte
Tamez, 4 S.W.3d 854 (Tex. App.-Houston [1st Dist.] 1999), aff'd Ex parte Tamez, 38
S.W.3d 159 (Tex. Crim. App. 2001). Before the offense of securing the execution of a
document by deception can be committed and complete, a document must be signed or
executed which would affect property or services or the pecuniary interest of any person. 
Mills v. State, 722 S.W.2d 411, 416 (Tex. Crim. App. 1986).

 Appellant argues that the offense of securing the execution of a document by
deception was complete on August 9, 1996, when he signed his application with the Texas
Board of Examiners of Professional Counselors. However, all the elements of the offense
were not complete until July 6, 1998, when the State of Texas issued and signed
appellant's license to practice as a professional counselor. Appellant was indicted on
January 27, 2005, for securing the execution of a document by deception. Because
January 27, 2005, is within the seven-year limitations period, we conclude the trial court
did not err in denying appellant's motion to quash count 1 of the indictment. Appellant's
first issue is overruled.

B. Denial of Motion to Order State to Elect Between Counts


 In his second issue, appellant contends the trial court erred in submitting both
counts 2 and 3 to the jury. Specifically, appellant asserts that section 36.131(c) of the
human resources code provides for the prosecution of either count 2 or count 3, but not
both. See Tex. Hum. Res. Code Ann. § 36.131(c), repealed by Act of May 23, 2005, 79th
Leg., R.S., ch. 807, § 19, Tex. Gen. Laws 2789. (4)
 We agree.

 Section 36.131(c) of the Texas Human Resources Code provides:

If conduct constituting an offense under this section also constitutes an
offense under another provision of law, including a provision in the Penal
Code, the actor may be prosecuted under either this section or the other
provision.


Tex. Hum. Res. Code Ann. § 36.131(c). We look to the literal text of the statute for its
meaning, and we ordinarily give effect to that plain meaning, unless application of the
statute's plain language would lead to absurd consequences that the legislature could not
possibly have intended, or if the plain language is ambiguous. Boykin v. State, 818 S.W.2d
782, 785 (Tex. Crim. App. 1991); Bunton v. State, 136 S.W.3d 355, 363 (Tex. App.-Austin
2004, pet. ref'd); see State v. Webb, 12 S.W.3d 808, 811 (Tex. Crim. App. 2000). 

 The conduct that is the subject of counts 2 and 3 is as follows. Appellant ran a
business called Behavioral Concepts. Appellant's business was an after-school program,
which provided at-risk children tutoring and homework help. Although appellant never
provided any individual counseling for mental disease or deficiency, he billed the Medicaid
program for such services, and was paid in excess of $100,000. Such conduct constitutes
an offense under both the human resources code and the penal code. See Tex. Hum. Res.
Code Ann. § 36.002(1)(A) (Vernon Supp. 2006); Tex. Pen. Code Ann. § 31.03 (Vernon
Supp. 2006). 

 A literal reading of section 36.131(c) is that appellant may be prosecuted under
either section 36.002 of the human resources code or section 31.03 of the penal code, but
not both. If the legislature intended the possibility of prosecution under both provisions,
it could have easily provided language allowing for prosecution under both as it has in
other statutes. See, e.g., Tex. Pen. Code Ann. § 38.04(d) (Vernon 2003) (providing that
"[a] person who is subject to prosecution under both this section and another law may be
prosecuted under either or both this section and the other"). Thus, the State was not
authorized to seek convictions for both offenses. The proper remedy is to reform the
judgment by vacating the lesser conviction and sentence. See Ochoa v. State, 982
S.W.2d 904, 908 (Tex. Crim. App. 1998). Appellant's second issue is sustained. 

C. Conclusion


 Accordingly, we vacate the trial court's judgment of conviction and sentence for the
offense of medicaid fraud (count 3) and render judgment that appellant be acquitted of that
charge. We affirm the trial court's judgment of conviction and sentence for the offenses
of securing the execution of a document by deception (count 1) and the offense of theft
(count 2). 

 FEDERICO G. HINOJOSA

 Justice


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this the 28th day of August, 2006.
1. See Tex. Pen. Code Ann. § 32.46 (Vernon Supp. 2006).
2. See Tex. Pen. Code Ann. § 31.03 (Vernon Supp. 2006). 
3. See Tex. Hum. Res. Code Ann. § 36.002(1)(A) (Vernon Supp. 2006). Certain amendments to
section 36.002 became effective after the date of this offense. However, the provisions under which the State
charged appellant remained unchanged. Accordingly, we cite to the current version of the statute.

4. Section 36.131 of the Texas Human Resources Code was repealed effective September 1, 2005. 
See Act of May 23, 2005, 79th Leg., R.S., ch. 807, § 19, Tex. Gen. Laws 2789. However, "[c]onduct that
occurs before the effective date of [the] Act is governed by the law in effect at the time the conduct occurred,
and that law is continued in effect for that purpose." Act of May 23, 2005, 79th Leg., R.S., ch. 807, § 20(a),
Tex. Gen. Laws 2789.