**Affirmed and Opinion filed November 24, 2015.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-15-00425-CR

_____

## EX PARTE STACEY LOVINGS

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1464730**

### O P I N I O N

Appellant was indicted in September 2014 for a sexual assault that occurred in 1998. He filed an application for writ of habeas corpus on the ground that the statute of limitations had expired. The trial court denied his application. Appellant appeals that denial. We affirm.

### FACTS

The parties stipulated to the following facts for the habeas proceeding only.

On October 14, 1998, complainant J.L. reported a sexual assault to the Houston Police Department. The next day, J.L. had a sexual assault kit completed

at an area hospital. J.L. told the police that she did not know the names or locations of the assailants. The police closed the investigation on October 28, 1998, because J.L. did not know who had assaulted her and had not responded to phone or letter requests for more information. The case was marked "cleared as lack of prosecution on part of complainant."

On April 3, 2001, a sample of appellant's DNA was uploaded into the Combined DNA Indexing System (CODIS). The routine upload was done in connection with appellant's 1999 conviction for unauthorized use of a motor vehicle. The record contains an email from Gary Molina, CODIS Program Manager for the Texas Department of Public Safety, in which Molina says appellant's sample had been submitted to CODIS on May 9, 2000.

On June 30, 2004, the Houston Police Department Crime Lab issued an analysis report of the DNA collected as part of J.L.'s sexual assault exam. The analysis identified the DNA of J.L. and at least one male donor.

Nearly a decade had passed when that DNA analysis report was uploaded into CODIS on October 11, 2013. Then, four days later, there was a "hit" between appellant's DNA and the DNA of the male donor collected during J.L.'s exam. Molina said the hit occurred during a weekly CODIS search.

The State filed this charge of sexual assault on June 20, 2014. The grand jury indicted appellant on September 3, 2014.

Appellant applied for a writ of habeas corpus[1] based on the statute of limitations. *See Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001)

_____

[1] Lovings first raised the statute of limitations in a motion to quash, which the trial court denied. Shortly after his motion was denied, Lovings made the same arguments in an application for writ of habeas corpus. The trial court denied the application. This appeal is from that denial. Before he applied for a writ of habeas corpus, Lovings appealed the denial of his motion to quash. We dismissed that appeal for lack of jurisdiction, because an order denying a motion to

2

(application for writ of habeas corpus is proper vehicle to invoke statute of limitations "if the pleading, on its face, shows that the offense charged is barred by limitations"). He argued that article 12.01(2)(E) of the Texas Code of Criminal Procedure imposes a 10-year deadline to indict him for sexual assault. Article 12.01(2)(E) states:

> Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:
>
> . . .
>
> (2) ten years from the date of the commission of the offense:
>
> . . .
>
> (E) sexual assault, except as provided by Subdivision (1).

Tex. Code Crim. Proc. Ann. art. 12.01(2)(E).

The State responded that this case is governed by the exception established in subdivision (1) of article 12.01. That subdivision states in relevant part:

> Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:
>
> (1) no limitation:
>
> . . .
>
> (C) sexual assault if, during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained.

---

quash is not appealable before conviction. *See Lovings v. State*. No. 14-15-00117-CR, 2015 WL 1544783 (Tex. App.—Houston [14th Dist.] April 2, 2015) (mem. op.) (not designated for publication). Lovings cites the record from cause number 14-15-00117-CR in his brief, and he requested in his brief that we consider the record from cause number 14-15-00117-CR in this appeal. The State has not objected, and it, too, refers to that record in its brief. On November 5, 2015, the court ordered that the record from cause number 14-15-00117-CR be transferred to cause number 14-15-00425-CR.

*Id.* art. 12.01(1)(C).

The trial court denied appellant's application for writ of habeas corpus. Appellant timely appealed. The sole issue on appeal is whether article 12.01(1)(C) applies to this case. If it does, then the indictment is timely; if it does not, then the indictment is time-barred.

ANALYSIS

## I.      Jurisdiction

The pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). A defendant may use a pretrial writ of habeas corpus in very limited circumstances: (1) to challenge the State's power to restrain him at all; (2) to challenge the manner of his pretrial restraint, such as the denial of bail; and (3) to raise an issue that, if meritorious, would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam). Habeas relief is not available if the defendant has an adequate remedy by post-conviction appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

Generally, pretrial habeas relief is not appropriate to test the sufficiency of the complaint, information, or indictment. *Ex parte Tamez*, 38 S.W.3d 159, 160–61 (Tex. Crim. App. 2001). An exception applies when prosecution of the offense is barred by the statute of limitations because "the defect is incurable and irreparable." *Ex parte Smith*, 178 S.W.3d at 802. Therefore, "if the pleading, on its face, shows that the offense is barred by limitations, the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted." *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977); *accord Ex parte Smith*, 178 S.W.3d at

4

801–02.[2]

At the trial court level, there is little practical difference between a motion to dismiss or quash the indictment based on limitations and a pretrial application for writ of habeas corpus based on limitations. *Ex parte Smith*, 178 S.W.3d at 802. But the procedure for appeal differs. An order denying a motion to dismiss or quash may not be appealed before conviction. An order denying a pretrial writ of habeas corpus, by contrast, is immediately appealable. *Id.* Unlike a post-conviction application for habeas corpus, the denial of which is appealable directly to the Court of Criminal Appeals, the denial of pretrial habeas relief is appealable to the intermediate appellate court. *See Ex parte Tamez*, 38 S.W.3d at 160–61 ("[T]he court of appeals was correct in determining it had jurisdiction to review the indictment" that appellant complained was barred by limitations.).

## II. Standard of Review

Statutory construction is a question of law. *Harris v. State*, 359 S.W.3d 625, 629 (Tex. Crim. App. 2011); *McMillian v. State*, 388 S.W.3d 866, 871 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We review questions of law de novo. *Ex parte de la Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015); *Ex parte Roldan*, 418 S.W.3d 143, 145 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("If the resolution of the ultimate question turns on an application of legal standards, we review the issue de novo.").

We look first to the statute's text; we read words and phrases in context and construe them according to rules of grammar and usage. Tex. Gov't Code Ann. § 311.011(a) (West 2013) ("Words and phrases shall be read in context and

---

[2] By contrast, a complaint that a paragraph in the charging instrument regarding the tolling of the limitations period is defective may not be raised in a pretrial application for writ of habeas corpus. Such a complaint must be raised in a motion to dismiss. *Ex parte Smith*, 178 S.W.3d at 799.

construed according to the rules of grammar and common usage.”); *see also Harris*, 359 S.W.3d at 629; *McMillian*, 388 S.W.3d at 871. We presume every word in a statute has been used for a purpose, and each word, phrase, clause, and sentence should be given effect if reasonably possible. *Harris*, 359 S.W.3d at 629; *McMillian*, 388 S.W.3d at 871.

“Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended.” *Uyamadu v. State*, 359 S.W.3d 753, 758–59 (Tex. App.—Houston [14th Dist.] 2011, pet. ref’d). While an ambiguous statute “may be understood by reasonably well-informed persons to have two or more different senses,” an unambiguous statute “permits no more than one understanding.” *Mahaffey v. State*, 364 S.W.3d 908, 913 (Tex. Crim. App. 2012).

If the statute is clear and unambiguous, the legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from the statute. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *McMillian*, 388 S.W.3d at 871–72; *Uyamadu*, 359 S.W.3d at 758.

### III. Application of Standard to Article 12.01(1)(C)

Statutes of limitations protect those accused of an offense “‘from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.’” *Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004) (quoting *Toussie v. United States*, 397 U.S. 112, 114–15, 90 S. Ct. 858, 860 (1970), *superseded by statute on other grounds as recognized in United States v. Tavarez–Levario*, 788 F.3d 433, 437 (5th Cir.2015)). Statutes of limitations are construed strictly against the State and liberally in favor of the

defendant. *State v. Drummond*, No. 01-14-00962–CR, __ S.W.3d __, 2015 WL 4967047, *2 (Tex. App.—Houston [1st Dist.] Aug. 20, 2015, pet. filed) (citing *Gallardo v. State*, 768 S.W.2d 875, 880 (Tex. App.—San Antonio 1989, pet. ref'd).

Few Texas cases address article 12.01(1)(C) or its predecessor.[3] None appear to address appellant's arguments, which are: (1) "investigation" means "ongoing investigation;" and (2) he was a person whose identity could be readily ascertained.

### A. "Investigation"

Appellant contends that any investigation ceased when the case was closed on October 28, 1998. He "concedes that investigations can be closed and reopened" but says that did not occur in this case until October 2013, when the CODIS search showed a match between his DNA and the DNA of the male donor collected during J.L.'s sexual assault exam.

That argument would require us to insert a modifier before "investigation," such as "open," "active," or "ongoing." A court should not add to or subtract from the language of an unambiguous statute. *Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015). We have found no authority to suggest "investigation" is ambiguous, nor do we believe the term is "understood by reasonably well-informed persons in two or more different senses."

---

[3] *See Ex parte S.B.M.*, 467 S.W.3d 715, 719 (Tex. App.—Fort Worth 2015, no pet.) (article did not apply because DNA testing yielded "no results" rather than results showing matter did not match any person whose identity could be readily ascertained); *Martinez v. State*, No. 03-12-00273-CR, 2014 WL 1208774, *2–3 (Tex. App.—Austin Mar. 20, 2014, no pet.) (appellant waived article 12.01(1)(C) defense on appeal); *Bailey v. State*, No. 11-11-00200-CR, 2013 WL 398943, *3 (Tex. App.—Eastland Jan. 31, 2013, pet. ref'd) (undisputed that article 12.01(1)(C) applied).

We are also guided by the maxim of *expressio unius est exclusio alterius*, which means the expression of one thing implies the exclusion of the other. *See Williams v. State*, 965 S.W.2d 506, 507 (Tex. Crim. App. 1988). The maxim is not a rule of law but rather a tool for discerning legislative intent. *See id*. Other provisions in the Code of Criminal Procedure refer to the beginning or ending of an investigation. *See, e.g.*, Tex. Code Crim. Proc. Ann. art. 49.04(d) (certain report must be made "not later than the 10th working day after the date the investigation began"); *id.* art. 63.014(b) (law enforcement agencies receiving notice of a possible match of a missing person "shall make arrangements for positive identification and complete and close out the investigation . . . ."). Article 12.01(1)(C), by contrast, contains no such reference. Because it imposed temporal limits on "investigation" in other parts of the Code of Criminal Procedure, we presume the legislature meant not to impose those limits to article 12.01(1)(C).

### B.    "Identity is readily ascertained"

It is undisputed that appellant's identity was not ascertained at the time the DNA sample collected during J.L.'s sexual assault exam was tested. Appellant argues instead that his identity could have been "readily ascertained" if the State had looked for it. His DNA had been in CODIS since April 2001, and he suggests it could have been identified in June 2004 when the DNA collected during J.L.'s exam was analyzed. He contends article 12.01(1)(C) imposes a duty on the State to look for a match, and that if the State does not look for a match, article 12.01(1)(C) does not apply.

We begin with the words of the statute, which are "readily ascertained." "Readily" means "without delay or difficulty; easily." NEW OXFORD AMERICAN DICTIONARY at 92 (3d ed. 2010). "Ascertain" means "find something out for certain; make sure of." *Id.* at 1451.

8

As with "investigation," neither party suggests "readily ascertained" is ambiguous, and neither party disputes the definition of "readily." Appellant contends "ascertained" means "ascertainable" or "can be ascertained." That argument would require us to modify or change the word chosen by the legislature, which we may not do. *Ex parte Vela*, 460 S.W.3d at 612.

The maxim of *expressio unius est exclusio alterius* is useful in construing this phrase as well. The Code of Criminal Procedure contains several provisions that say "ascertainable" or "can be ascertained." For example, article 11.073 refers three times to evidence that was not "ascertainable" at the time of trial. Tex. Code Crim. Proc. Ann. art. art. 11.073(b)(1)(A), (c), (d). *See also, e.g., id.* art. 11.07 § 4(2)(c) ("[A] factual basis of a claim is unavailable . . . if the factual basis was not ascertainable through the exercise of reasonable diligence . . . ."); *id.* art. 18.21 § 2(c)(2) (application for installation and use of pen register, ESN reader, or trap and trace device must include certain information "to the extent that information is known or is reasonably ascertainable"). The legislature's use of "ascertainable" in certain parts of the Code of Criminal Procedure confirms its intent not to use it in article 12.01(1)(C).

Several portions of the Code of Criminal Procedure also state "diligence" or "reasonable diligence" must be used to obtain the relevant information. *E.g., id.* art. 11.07 § 4(2)(c); art. 11.073(b)(1)(A), (c), (d) (discussed above); art. 17A.04 (setting out where service on a corporation may be made if a registered agent "cannot with reasonable diligence" be found at the registered office); arts. 29.04(2) and 29.06(2) (in motion for continuance based on absence of witness, movant must show "the diligence which has been used to procure his attendance"); art. 49.32(b) (autopsy may be performed on the authorization of certain government officials "[i]f, after reasonable diligence," family consent cannot be obtained). If the

legislature meant to impose additional duties on the State in the circumstances at issue here, it could have done so explicitly.

## CONCLUSION

We hold article 12.01(1)(C) applies to the sexual assault charged in the indictment. The trial court did not err in denying appellant's application for writ of habeas corpus. We overrule appellant's sole issue and affirm the trial court's order.

/s/     William J. Boyce
        Justice

Panel consists of Justices Boyce, Busby, and Brown.
Publish — Tex. R. App. P. 47.2(b).

10