

# NUMBERS 13-16-00081-CR & 13-16-00124-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**DAVID WILLS**
**A/K/A DAVID K. WILLS,**                                             **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

# ORDER

### Before Justices Benavides, Perkes and Longoria
### Order Per Curiam

Appellant David Wills appeals from the trial court's denial of two pretrial applications for writ of habeas corpus seeking reasonable bail and bond conditions.

Appellant has filed a motion to "allow the appeals to proceed without the trial court's certifications of the defendant's right to appeal."

Rule 25.2(a)(2) governs the defendant's right to appeal in a criminal case:

A defendant in a criminal case has the right of appeal under Code of Criminal Procedure article 44.02 and these rules. The trial court shall enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case—that is, a case in which defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A) those matters that were raised by written motion filed and ruled on before trial, or

(B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2).

Rule 25.2(d) requires that the trial court certify whether the defendant has a right of appeal under Rule 25.2(a)(2). *Id.* R. 25.2(d). Rule 25.2(a)(2), in turn, requires that the trial court enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *Id.* R. 25.2(a)(2). The appeal must be dismissed if a certification showing the defendant has the right of appeal has not been made part of the record under the Rules of Appellate Procedure. *Id.* R. 25.2(d).

An order denying a pretrial writ of habeas corpus is an appealable order. *Ex Parte Lovings*, 480 S.W.3d 106, 110 (Tex. App.—Houston [14th Dist.] 2015, no pet. h.) (citing *Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005) (per curiam)). Rule 25.2's certification requirements extend to habeas corpus proceedings. *See Maydon v. State,* 141 S.W.3d 851, 853 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (applying certification requirements to appeal from denial of habeas corpus); *Ex parte Tarango,* 116 S.W.3d

2

201, 203 (Tex. App.—El Paso 2003, no pet.) (same). Accordingly, we deny appellant's motion to proceed without the trial court's certification of the defendant's right to appeal.

The record before us does not contain a certification of appellant's right of appeal. *See* TEX. R. APP. P. 25.2(d) ("If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2)."). The Clerk of this Court has contacted the trial court clerk, who has informed us that no certification exists in the record. We therefore abate this case and instruct the trial court to prepare and send to this Court a certification of defendant's right of appeal. *See id.* R. 25.2(a)(2); *Maydon*, 141 S.W.3d at 853 n.2; *see also Dominguez v. State*, No. 03-14-00086-CR, 2014 WL 1285877, at *1 (Tex. App.—Austin Mar. 28, 2014, no pet.). The trial court's certification shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within ten days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of April, 2016.

3