**Affirmed and Memorandum Opinion filed August 1, 2017.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-17-00025-CR

## EX PARTE GREGORY MONTGOMERY

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1536350**

## MEMORANDUM OPINION

Appellant was indicted in 2015 for an aggravated sexual assault of a child that occurred in 1989. He filed an application for writ of habeas corpus on the ground that the statute of limitations had expired. The trial court denied his application. Appellant appeals that denial. We affirm.

### BACKGROUND

The complainant, P.J., was born on December 30, 1977. On October 31, 1989, when she was 11 years old, she was sexually assaulted by a stranger. The crime was reported to the Houston Police Department. As part of the police investigation of the offense, P.J. underwent a sexual assault examination. Biological matter was

collected from P.J. during that examination and put into storage. In December 2008, that biological matter was sent to a crime lab.

P.J.'s case was reviewed in February 2012. In June 2012, a Houston police officer requested the crime lab to perform DNA testing on the biological matter collected from P.J. The requested testing was completed in September 2013, and the DNA results were entered into the Combined DNA Indexing System (CODIS) in November 2013.

In December 2013, there was a match between appellant's DNA and DNA collected during P.J.'s exam. The State indicted appellant in June 2015 for aggravated sexual assault of a child under the age of fourteen. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (a)(2)(B) (West 2011).

Appellant applied for a writ of habeas corpus based on the statute of limitations. *See Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001) (application for writ of habeas corpus is proper vehicle to invoke statute of limitations "if the pleading, on its face, shows that the offense charged is barred by limitations"). At the time the offense was committed, the statute of limitations for aggravated sexual assault of a child was ten years from the date of the offense. Tex. Code Crim. Proc. Ann. art. 12.01(D) (effective Sept. 1, 1987). The limitations period, accordingly, was set to expire on October 31, 1999. In 1997, however, the statute of limitations was amended to expire ten years after the date of the victim's eighteenth birthday. Act of May 24, 1997, 75th Leg., R.S., ch. 740, § 1, 1997 Tex. Gen. Laws 2403, 2403.[1] P.J.'s twenty-eighth birthday was December 30, 2005, and

---

[1] The limitations period for aggravated sexual assault of a child was eliminated effective September 1, 2007. Act of May 18, 2007, 80th R.S., chp. 593, § 1.03, 2007 Tex. Gen. Laws 1120, 1120. The 2007 amendment was not retroactive—that is, it did not apply to an offense the prosecution of which was barred on September 1, 2007. Act of May 18, 2007, 80th R.S., chp. 593, § 4.01(c), 2007 Tex. Gen. Laws 1120, 1148. The parties agree the 2007 amendment does not apply in this case.

appellant contended the statute of limitations for the aggravated sexual assault expired that day.

The State responded that this case is governed by the exception established in subdivision (1) of article 12.01, which took effect on September 1, 2001, before the limitations period expired. That subdivision states in relevant part:

> Except as provided in Article 12.03, felony indictments may be presented within these limits, and not afterward:
>
> (1) no limitation:
>
> . . .
>
> (C) sexual assault if, during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained.

Tex. Code Crim. Proc. Ann. art. 12.01(1)(C) (West 2015).[2]

The trial court denied appellant's application for writ of habeas corpus. Appellant timely appealed. The sole issue on appeal is whether article 12.01(1)(C) applies to this case. If it does, the indictment is timely; if it does not, the indictment is time-barred.

## ANALYSIS

### I.     Legal standards

The pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Pretrial habeas relief is generally not appropriate to test the sufficiency of a charging instrument. *See Ex parte Tamez*, 38 S.W.3d at 160–61. An exception applies when prosecution of the

---

[2] Our citation is to the most recently published edition of the Code of Criminal Procedure. However, the text of article 12.01(1)(C) has remained the same since it went into effect in 2001.

offense is barred by the statute of limitations because "the defect is incurable and irreparable." *Ex parte Smith*, 178 S.W.3d at 802. Therefore, "if the pleading, on its face, shows that the offense is barred by limitations, the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted." *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977); *Ex parte Smith*, 178 S.W.3d at 801–02.

We review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). But when, as here, the resolution of the ultimate issue turns on an application of purely legal standards, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Ex parte Lovings*, 480 S.W.3d 106, 111–12 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (conducting de novo review of statutory construction issue in appeal from denial of application for writ of habeas corpus).

## II.    Application

Appellant offers two reasons article 12.01(1)(C) does not apply to this case. First, he asserts the article applies only to sexual assault prosecutions, not aggravated sexual assault prosecutions. Second, he contends the requirements of article 12.01(1)(C) were not met because although biological matter was collected, it was not subjected to testing until almost eight years after the applicable statute of limitations expired in December 2005.

### A.    Sexual assault vs. aggravated sexual assault

Appellant first argues that the trial court should have granted his application for habeas relief because article 12.01(1)(C), which refers to sexual assault, does not apply to aggravated sexual assault. We reject his argument for three reasons.

First, he did not raise that point in the trial court. Accordingly, he has not preserved that complaint for our review. *See* Tex. R. App. P. 33.1(a)(1) (to preserve a complaint for appellate review, record must show that complaint was properly and sufficiently presented to trial court and trial court ruled or refused to rule); *Marks v. State*, Nos. 14-15-00064-CR, 14-15-00065-CR, 14-15-00066-CR, __ S.W.3d __, 2017 WL 1573410, *5 n.4 (Tex. App.—Houston [14th Dist.] April 27, 2017, pet. filed) (holding defendant failed to preserve particular complaints).

Second, he makes no legal argument and cites no authority to support his position. His brief contains only one conclusory sentence on this point: "First, and foremost, this provision applies to sexual assault prosecutions, not aggravated sexual assault prosecutions such as the instant case." This issue is inadequately briefed. *Rhoades v. State*, 934 S.W.2d 113, 119 (Tex. Crim. App. 1996) ("It is incumbent upon counsel to cite specific legal authority and to provide legal argument based upon that authority."); *Williams v. State*, 502 S.W.3d 262, 277 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (overruling inadequately briefed issue).

Even if appellant had preserved and adequately briefed his assertion that article 12.01(1)(C) does not apply to aggravated sexual assault, that contention is belied by the Code of Criminal Procedure. Article 12.03(d) states, "Except as otherwise provided by this chapter, any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." Tex. Code Crim. Proc. Ann. art. 12.03(d) (West 2015). Aggravated sexual assault, therefore, carries the same limitations period as sexual assault, and the limitations period for sexual assault is eliminated if the requirements of article 12.01(1)(C) are satisfied.

**B.  Testing not conducted until after statute of limitations expired**

Next, appellant asserts the article 12.01(1)(C) exception does not apply because its requirements have not been met. He writes, "Although biological matter

was collected, it was not subjected to testing until almost 8 years after the applicable statute of limitations effective September 1, 1997 had expired in 2005."

Again, no legal argument or authority accompany appellant's bare assertion. This point, too, is inadequately briefed. *Rhoades*, 934 S.W.3d at 119; *Williams*, 502 S.W.3d at 277.

In any event, we would reject the contention appellant seems to be advancing, which is that article 12.01(1)(C) imposes a deadline for testing to be completed. We considered and rejected a similar argument in *Ex parte Lovings*, 480 S.W.3d 106 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The complainant in that case was sexually assaulted in October 1998. Biological matter was collected from her on October 15, 1988. Thirteen days later, the police closed the investigation because the complainant did not know who assaulted her and had not responded to police requests for information. The biological matter collected from the complainant was not analyzed until 2004. Nearly another decade passed before the results of that analysis were uploaded into CODIS in October 2013. Four days later, there was a match between Lovings' DNA and the DNA of a male donor collected from complainant. *Id.* at 108.

Lovings argued article 12.01(1)(C) did not apply to his case because the biological material, although collected while the investigation was pending, was not tested until many years after the investigation was closed. *See id.* at 111. He contended the investigation was closed until CODIS showed a match between his DNA and that collected from the complainant. *Id.* Applying principles of statutory construction, we rejected that argument because it would require us to rewrite the statute—specifically, to insert a modifier before "investigation," such as "open," "active," or "ongoing." *Id.*

Here, appellant contends testing must be completed before expiration of the statute of limitations (December 30, 2005 in this case). No such deadline is contained in the plain text of article 12.01(1)(C):

> [There is no limitations period for] sexual assault if, during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained.

Tex. Code Crim. Proc. Ann. art. 12.01(1)(C). We would have to insert language into article 12.01(1)(C) to say there is no limitations period for sexual assault "if, during the investigation **and before the expiration of the limitations period** biological matter is collected and subjected to forensic DNA testing . . . ." Just as in *Lovings*, we will not rewrite the statute. *See Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015) ("A court should not add to or subtract from the language of an unambiguous statute.").

## CONCLUSION

We overrule appellant's sole issue and affirm the judgment of the trial court.


/s/    John Donovan
       Justice


Panel consists of Justices Boyce, Donovan, and Jewell.
Do Not Publish — TEX. R. APP. P. 47.2(b).