# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00017-CR

## Ex parte Curtis McDaniel

### FROM THE 424TH DISTRICT COURT OF BURNET COUNTY
### NO. 50155, THE HONORABLE EVAN C. STUBBS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Curtis McDaniel has been charged with five counts of aggravated sexual assault. *See* Tex. Penal Code § 22.021. The charges all pertain to the same victim and stem from conduct in October 2006. Before being charged with aggravated sexual assault, McDaniel was placed on deferred-adjudication community supervision in 2019 for the offense of possession of a controlled substance and was required to submit a DNA sample to the Combined DNA Index System ("CODIS") as part of his community supervision. A few months later, a routine database search run by the Department of Public Safety CODIS Laboratory revealed a CODIS "hit" linking McDaniel to the testing performed during the criminal investigation of the 2006 offenses, and McDaniel was subsequently charged with the offenses listed above.

After being charged, McDaniel filed a pretrial application for writ of habeas corpus arguing that he was being unlawfully restrained because the aggravated-sexual-assault charges were "brought outside the statute of limitations." In response, the State argued that the prosecution was not barred by limitations because the version of article 12.01 of the Code of Criminal Procedure in effect at the time of the alleged crimes specified that there is no statute

of limitations for the offense of sexual assault "if during the investigation of the offense biological matter is collected and subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained." *See* Act of May 30, 2005, 79th Leg., R.S., ch. 1162, § 6, art. 12.01, 2005 Tex. Gen. Laws 3802, 3806 (amended 2007, 2009, 2011, 2013, 2015, 2017) (current version at Tex. Code Crim. Proc. art. 12.01).

During the hearing on McDaniel's application, evidence was presented indicating that McDaniel was one of eleven persons of interest that the police considered in the case, that no individual suspect was identified, and that the investigation was closed in 2007. In addition, a report regarding testing performed on samples taken from the victim in 2006 revealed that "[a]n unknown male contributor cannot be excluded as the contributor of the major component in the profile," and the report also explained that the DNA profile was uploaded into CODIS in 2007. After considering the parties' arguments, the district court denied McDaniel's habeas application.[1] *See Ex parte Lovings*, 480 S.W.3d 106, 108, 112 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (rejecting argument that statutory exception to limitations does not apply if State could have but did not look for match earlier and determining that exception to limitations found in article 12.01 applied to case where testing showed DNA from sexual-assault victim and "at least one

---

[1] In addition to the five counts of aggravated sexual assault, McDaniel was also charged with one count of aggravated assault with a deadly weapon and one count of aggravated kidnapping, *see* Tex. Penal Code §§ 20.04, 22.02, and his writ application also alleged that those offenses were barred by their respective statute of limitations. During the hearing addressing McDaniel's habeas application, the State conceded that those counts were barred by the governing statutes of limitations and informed the district court that it would be dismissing those counts. *See* Tex. Code Crim. Proc. arts. 12.01(4), .03(d); *State v. Schunior*, 506 S.W.3d 29, 37 (Tex. Crim. App. 2016).

other male donor" and where there was CODIS hit one decade later when DNA report was uploaded). McDaniel appeals the district court's ruling.

McDaniel's court-appointed attorney on appeal has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. Counsel's brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See* 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81-82 (1988) (explaining that *Anders* briefs serve purpose of "assisting the court in determining both that counsel in fact conducted the required detailed review of the case and that the appeal is . . . frivolous"). McDaniel's counsel has represented to the Court that he provided copies of the motion and brief to McDaniel; advised McDaniel of his right to examine the appellate record, file a pro se brief, and pursue discretionary review following the resolution of the appeal in this Court; and provided McDaniel with a form motion for pro se access to the appellate record along with the mailing address of this Court. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). McDaniel has not requested a copy of the appellate record. After this case was submitted, McDaniel filed a letter with this Court arguing that his identity was readily ascertainable because he was known by multiple law-enforcements officers and other officials.

We have independently reviewed the record and McDaniel's letter and have found nothing that might arguably support the appeal. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the district court's order denying McDaniel's application for writ of habeas corpus.

3

_____

Thomas J. Baker, Justice

Before Chief Justice Rose, Justices Baker and Triana

Affirmed

Filed:   April 2, 2020

Do Not Publish