

# NUMBER 13-22-00100-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE ERIC ROSALES

On appeal from the 445th District Court
of Cameron County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Longoria**

Appellant Eric Rosales was indicted in 2021 for multiple counts of sexual assault of a child and indecency with a child that allegedly occurred from 2008 to 2009. He filed a pretrial application for writ of habeas corpus on the grounds that the statute of limitations had expired as to each count. The trial court denied his application. Rosales appeals that denial. We affirm.

## I. BACKGROUND

Rosales was charged with three counts of sexual assault of a child in Count One,

Count Two, and Count Three of the indictment. *See* TEX. PENAL CODE ANN. § 22.011(a)(2). Count One alleged an offense date of on or about January 1, 2009; Count Two alleged an offense date of on or about February 1, 2009; and Count Three alleged an offense date of on or about March 1, 2009. Rosales was also charged with three counts of indecency with a child by sexual contact in Count Four, Count Five, and Count Six of the indictment. *See id.* § 21.11(a)(1). Count Four alleged an offense date of on or about October 1, 2008; Count Five alleged an offense date of on or about November 1, 2008; and Count Six alleged an offense date of on or about December 1, 2008. The complainant, A.M., was born on September 29, 1992; consequently, A.M. would have been approximately sixteen years old when the crimes purportedly happened. Rosales was indicted on September 1, 2021, just a few weeks prior to A.M.'s twenty-ninth birthday.

On November 4, 2021, Rosales filed his motion to dismiss. On December 6, 2021, Rosales filed his "Exception to the Substance of the Indictment" and application for writ of habeas corpus. In his motion to dismiss and habeas application, Rosales contended that the offenses as charged were barred by the statute of limitations. *See* TEX. CODE CRIM. PROC. ANN. art. 27.08(2).[1] On December 15, 2021, the State filed its response to Rosales's motion to dismiss and application for writ of habeas corpus. On March 9, 2022, a hearing was held on Rosales's habeas application and the trial court orally denied the writ. On March 16, 2022, Rosales filed his notice of appeal of the trial court's order. On March 18, 2022, the trial court signed and entered its written order denying Rosales's

---

[1] Pursuant to the Texas Code of Criminal Procedure, "[t]here is no exception to the substance of an indictment or information except," among other things, "[t]hat it appears from the face thereof that a prosecution for the offense is barred by a lapse of time." TEX. CODE CRIM. PROC. ANN. art. 27.08(2).

application for writ of habeas corpus. On March 28, 2022, the trial court certified Rosales's right to appeal, and this appeal ensued. *See* TEX. R. APP. P. 25.2(a)(2).

## II.  STANDARD OF REVIEW AND APPLICABLE LAW

The pretrial writ of habeas corpus is an extraordinary remedy. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Pretrial habeas relief is generally not appropriate to test the sufficiency of a charging instrument. *See Ex parte Tamez*, 38 S.W.3d 159, 160–61 (Tex. Crim. App. 2001). An exception applies when prosecution of the offense is barred by the statute of limitations because "the defect is incurable and irreparable." *Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005). Therefore, "if the pleading, on its face, shows that the offense charged is barred by limitations[,] the complaint, information, or indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted." *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977); *see Ex parte Smith*, 178 S.W.3d at 801–02.

We review the trial court's ruling on an application for writ of habeas corpus for an abuse of discretion. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). But when, as here, the resolution of the ultimate issue turns on an application of purely legal standards, our review is de novo. *See Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *Ex parte Lovings*, 480 S.W.3d 106, 111–12 (Tex. App. —Houston [14th Dist.] 2015, no pet.) (conducting de novo review of statutory construction issue in appeal from denial of application for writ of habeas corpus).

## III. DISCUSSION

In his sole issue, Rosales contends that the trial court abused its discretion when it denied his application for pretrial writ of habeas corpus. Rosales argues that there are two "irreconcilable" statutes of limitations, and that the most recently enacted one made the statute of limitations for the crimes charged against him to be ten years after the eighteenth birthday of the victim. If Rosales is correct, the statute of limitations for the crimes charged against him would have expired on September 29, 2020—ten years after A.M.'s eighteenth birthday—therefore, the September 1, 2021 indictment would have been barred by the statute of limitations.

Limitations for a previous crime may be extended by the legislature as long as it has not expired. *Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988). House Bill 8 (H.B. 8), effective September 1, 2007, amended the statute of limitations applicable to sexual assault of a child under penal code § 22.011(a)(2) and indecency with a child under penal code § 21.11 from "ten years after the 18th birthday of the victim of the offense" to "no limitation". *See* Act of May 28, 2007, 80th Leg., R.S., ch. 593, § 1.03, 2007 Tex. Gen. Laws 1120, 1121 (codified at TEX. CODE CRIM. PROC. ANN. art. 12.01(1)(B), (E)); *see* TEX. PENAL CODE ANN. §§ 22.011(a)(2), 22.11. House Bill 959 (H.B. 959), also effective September 1, 2007, amended the statute of limitations applicable to the offense of injury to a child under penal code § 22.04 to "ten years from the 18th birthday of the victim of the offense."[2] *See* Act of May 28, 2007, 80th Leg., R.S., ch. 841 § 1, 2007, 2007

---

[2] Before passage of H.B. 959, the statute of limitations for the offense of injury to a child under penal code § 22.04 depended on what level felony the offense was punishable as. A charge of injury to a child punishable as a first-degree felony had a statute of limitations of ten years from the date of the commission of the offense. Act of May 28, 2007, 80th Leg., R.S., ch. 841, § 1, 2007, 2007 Tex. Gen. Laws

Tex. Gen. Laws 1750, 1751 (codified at TEX. CODE CRIM. PROC. ANN. art. 12.01(5)(C))[3]; *see* TEX. PENAL CODE ANN. art. 22.04. H.B. 8 and H.B. 959 were both signed by the Governor of Texas on June 15, 2007.

Rosales's argument, that H.B. 959 prevails over H.B. 8 for being the latest in date of enactment, is predicated on his contention that the two statutes are in irreconcilable conflict. The Code Construction Act provides that "if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each." TEX. GOV'T CODE ANN. § 311.025(b). However, "[i]f the amendments are irreconcilable, the latest in date of enactment prevails." *Id.* The "date of enactment" is the "date on which the last legislative vote is taken on the bill enacting the statute." *Id.* § 311.025(d).

Both H.B. 8 and H.B. 959 were amendments to Article 12.01 of the Texas Code of Criminal Procedure enacted by the 80th Legislature. Neither bill references nor incorporates the amendments made in the other. In other words, the amended statute of limitations for sexual assault of a child and indecency of a child is not altered by H.B. 959. Likewise, the amended statute of limitations for injury to a child is not altered by H.B. 8. In H.B. 8 and H.B. 959, the legislature set forth the entire body of Article 12.01 as it then

---

1750, 1751 (codified at TEX. CODE CRIM. PROC. ANN. art. 12.01(5)(C)). A charge of injury to a child *not* punishable as a first-degree felony had a statute of limitations of five years from the date of the commission of the offense. *Id.*

[3] This provision is currently, at the time of issuance of this memorandum opinion, codified at TEX. CODE CRIM. PROC. ANN. art. 12.01(6)(B).

existed before the legislative session began and manifested the amendments to the statute of limitations in each bill through interlineations and underlines. This manner of amending a statute was and is required by the Texas Constitution. *See* TEX. CONST. art. III, § 36. (stating that "[n]o law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length"); *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996) (explaining that to amend a statute, the legislature must take the text of the statute as it was prior to the amendment and indicate changes by interlineating modifications onto the text of that statute). The Code Construction Act states the following:

> (c) In determining whether amendments are irreconcilable, text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. Unless clearly indicated to the contrary, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that the reenacted text prevail[s] over changes in the same text made by another amendment, regardless of the relative dates of the enactment.

TEX. GOV'T. CODE ANN. § 311.025(c). Regarding H.B. 8 and H.B. 959, both enactments amended different provisions of the same statute. Given that the text of the statute reenacted by the legislature to manifest the changes is not indicative of the legislature's intent pursuant to § 311.025(c), we find no irreconcilable conflict between H.B. 8 and H.B. 959. *See id.*; *see also Rhoades*, 934 S.W.2d at 121–22 (finding that a house bill and a senate bill which amended different provisions of code of criminal procedure Article 37.07 were reconcilable and not in conflict); *Weddel v. State*, 07-15-00302-CR, 2015 WL 6522868 *1 (Tex. App.—Amarillo, Oct. 28, 2015, pet ref'd) (mem. op., not designated for publication) (determining that there is not a irreconcilable conflict between H.B. 8 and

6

H.B. 956, which amended different provisions of code of criminal procedure Article 12.01). Having found no conflict, it is unnecessary to determine which house bill was the latest in date of enactment. *See* TEX. GOV'T CODE ANN. § 311.025(b).

The portion of Article 12.01 that assigns "no limitations" to the crime of sexual assault of a child and indecency of a child applies to the criminal prosecution of Rosales. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01. As of the effective date of these amendments, September 1, 2007, limitations had not expired for the offenses charged against Rosales. *See Lindsey*, 760 S.W.2d at 653. Therefore, the statute of limitations did not expire for the sexual assault of a child and indecency of a child offenses alleged against Rosales at the time the indictment was filed. The trial court did not err in holding as such.

## IV.     Conclusion

We affirm the trial court's denial of Rosales's application for pre-trial writ of habeas corpus.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
11th day of August, 2022.

7