**Ex parte Eva Diana TAMEZ, Appellant.**

**Nos. 01–99–00047–CR, 01–99–00049–CR, 01–99–00051–CR, 01–99–00053–CR, 01–99–00055–CR and 01–99–00057–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 30, 1999.

Donald W. Bankston, Richmond, for Appellant.

John H. Harrity, III, John F. Healey, Jr., Richmond, for State.

Panel consists of Chief Justice SCHNEIDER, and Justices TAFT and PRICE.[1]

## OPINION

TIM TAFT, Justice.

Appellant, Eva Diana Tamez, is charged with six counts of aggravated perjury for alleged inconsistencies in her testimony during two separate murder trials. She filed pretrial writs of habeas corpus, claiming her prosecutions under sections 37.03 and 37.06 of the Texas Penal Code are barred by the statute of limitations. She asks us to reverse the trial court's order denying habeas corpus relief. We affirm.

### Jurisdiction

Pretrial writs for habeas corpus generally may not challenge an indictment

---

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

except for instances of a void statute or to assert a statute of limitations bar. *Ex parte Matthews* 873 S.W.2d 40, 42 (Tex. Crim.App.1994). Because appellant asserts the State's indictment is barred by the statute of limitations, this Court has jurisdiction to review the indictment by which she is charged. We reject the State's reliance on *Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998), as precluding appellant from asserting the statute of limitations as a defense by a pretrial writ of habeas corpus.

### The Applicable Statute of Limitations

The State asserts the statute of limitations for aggravated perjury is three years. Article 12.01 of the Texas Code of Criminal Procedure establishes statutes of limitations for all felony crimes. The State contends aggravated perjury is governed by subsection 6, which applies to "all other felonies," and thus has a three-year statute of limitations. TEX.CODE CRIM. P. ANN. art. 12.01(6) (Vernon 1997). Appellant maintains article 12.03(d) controls. TEX.CODE CRIM. P. ANN. art. 12.03(d) (Vernon 1997). Under article 12.03(d), "any offense that bears the title 'aggravated' shall carry the same statute of limitations as the primary case." Appellant further contends that because the statute of limitations for the primary crime of perjury, a misdemeanor, is two years, the same limitations period applies to aggravated perjury, even though it is a felony.

■ Appellant relies on two cases that assign aggravated perjury a two-year statute of limitations, *Ex parte Matthews*, 933 S.W.2d 134 (Tex.Crim.App.1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998); and *State v. Coleman*, 962 S.W.2d 267 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). The State cites no case decided after 1979 as authority and instead relies on a revision to article 12.03(d) of the Code of

Criminal Procedure. This revision added "except as provided by this chapter" to the language cited above. TEX.CODE CRIM. P. ANN. art. 12.03(d) (Vernon 1997). The State claims this change, which took effect September 1, 1997, assigns aggravated perjury the three-year statute of limitations given to "all other felonies." The State further claims this legislative action effectively overrules *Matthews*. The State ignores our *Coleman* opinion, which contradicts its interpretation. We decline to follow the State's interpretation and hold that the applicable statute of limitations is two years.

### Statute of Limitations Applied to Sections 37.03 and 37.06

In her sole point of error, appellant argues the State's reliance on section 37.06 of the Texas Penal Code bars her prosecution for aggravated perjury on limitations grounds. She notes that section 37.06 requires the State to show inconsistent statements, made under oath, without proving which statement is actually false. Appellant argues that her first statement of December 5, 1995 is outside the two-year statute of limitations (the indictment was issued September 14, 1998), preventing it from being an element of the prosecution for the second statement made December 2, 1997.

■ Appellant's position is contrary to *Barnes v. State*, which held that a crime is complete for statute of limitations purposes only when all elements have been completed. *Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Crim.App.1991), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App.1998); *see Toussie v. United States*, 397 U.S. 112, 115, 90 S.Ct. 858, 860, 25 L.Ed.2d 156 (1970) (citing *Pendergast v. United States*, 317 U.S. 412, 418, 63 S.Ct. 268, 271, 87 L.Ed. 368 (1943)). No case law supports appellant's interpretation of how the stat-

ute of limitations applies to section 37.06. Furthermore, the wording of section 37.06 does not define when the contradictory statements must have been made.

Section 37.06 does state that it must be used in conjunction with either section 37.02 or 37.03. This requires the statement, or one of the statements, for which the defendant is prosecuted, to be perjurious. In the present case, appellant concedes the first statement (barred by statute of limitations) was false but claims the second (not barred by statute of limitations) was true, which bars her prosecution. Appellant's argument is novel.

Nevertheless, she mischaracterizes the true nature of section 37.06, which does not merely modify the elements of section 37.03. Instead section 37.06 creates an entirely separate offense, and defines conduct for purposes of jurisdiction, punishment, and period of limitations from prosecution. Therefore, appellant's first statement was only one part of her crime, which was not completed for limitations purposes until she made her second, inconsistent statement. *Barnes,* 824 S.W.2d at 562.

The effect of section 37.06 on section 37.02 perjury and 37.03 aggravated perjury is analogous to the effect of section 31.09 on the theft chapter of the Texas Penal Code. TEX. PENAL CODE ANN. § 31.09 (Vernon 1997). Section 31.09 aggregates the amounts stolen by a single individual, over a period of time, to upgrade the severity of the offense. *Id.* This aggregation creates one offense for purpose of jurisdiction, punishment, and limitations. *State v. Weaver,* 982 S.W.2d 892, 894 (Tex.Crim. App.1998). As a result of aggregation, the statute of limitations of the upgraded offense is applied, not the statute of limitations of the individual, elementary offenses. *Graves v. State,* 795 S.W.2d 185, 187 (Tex.Crim.App.1990). This is true even if some of the elementary offenses of the aggregated offense are already barred by their limitations periods. *Id.* The elementary offenses need not all be within the limitations period of the aggregated offense. *Vitiello v. State,* 848 S.W.2d 885, 888 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd).

We find appellant's indictment to be properly within the two-year limitations period of the second inconsistent statement, which thus allows section 37.06 to be used in the prosecution. We overrule appellant's sole point of error.

### Conclusion

We affirm the trial court's denial of appellant's writs of habeas corpus.