**Ex Parte Eva Diana TAMEZ, Appellant.**

**Nos. 1857-1862.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 14, 2001.

Brian W. Wice, Houston, Donald W. Bankston, Richmond, for appellant.

John J. Harrity, III, Asst. DA, David C. Newell, Asst. DA, Richmond, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

JOHNSON, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, HOLLAND, WOMACK, KEASLER, HERVEY, and HOLCOMB, JJ., joined.

Appellant filed six applications for pretrial writs of habeas corpus, claiming that her prosecutions under TEX.PEN.CODE §§ 37.03 and 37.06[1] were barred by the statute of limitations. The trial court denied habeas corpus relief. At the court of appeals, appellant argued that the state's reliance on § 37.06 barred her prosecution for aggravated perjury on limitations grounds. She noted that § 37.06 requires the state to show inconsistent statements, made under oath, without proving which statement is actually false. She further argued that her first statement of December 5, 1995, which she claims to have been the false statement, was outside the two-year statute of limitations,[2] thus preventing it from being an element of the prosecution for the second statement made December 2, 1997.

The court of appeals first concluded that it had jurisdiction to consider appellant's claims. It noted that applications for pretrial writs of habeas corpus generally may not challenge an indictment except to allege that a statute is void or to assert a statute-of-limitations bar. Ex parte Tamez, 4 S.W.3d 854, 855–6 (Tex.App.— Houston [1st Dist.] 1999) (citing Ex parte

Matthews 873 S.W.2d 40, 42 (Tex.Crim. App.1994)). Because appellant asserted that the state's indictment was barred by the statute of limitations, the court determined that it had jurisdiction to review the indictment by which she was charged. Tamez, 4 S.W.3d at 856.

The court then determined that the applicable limitations period for aggravated perjury was two years. Id. at 856. Finally, it found that the charges of aggravated perjury based on inconsistent statements were within the limitations period, even if the first inconsistent statement was not. Id. at 856–57. The court of appeals then affirmed the denial of relief. We granted appellant's petition for discretionary review to determine whether "[t]he court of appeals erred in denying appellant's writ of habeas corpus on the grounds that prosecution is barred by [the] applicable statute of limitations." We find that the issue of limitations that is implicated by this case is not yet ripe for consideration, and we therefore affirm.

■ We have long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available prior to trial to test the sufficiency of the complaint, information, or indictment. Ex parte Mangrum, 564 S.W.2d 751, 752 (Tex.Crim. App.1978); Ex parte Ward, 560 S.W.2d 660, 660–61 (Tex.Crim.App.1978); Ex parte Dickerson, 549 S.W.2d 202, 203 (Tex. Crim.App.1977), and cases cited therein. But, we have recognized certain exceptions to this rule. Among these is that if the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted. Dickerson, 549 S.W.2d at 203, and cases cited therein. Thus, the

---

[1]. Section 37.03 provides that "(a) A person commits an offense if he commits perjury as defined in Section 37.02, and the false statement: (1) is made during or in connection with an official proceeding; and (2) is material...." Section 37.06 provides that "[a]n information or indictment for perjury under Section 37.02 or aggravated perjury under Section 37.03 that alleges that the declarant has made statements under oath, both of which cannot be true, need not allege which statement is false. At the trial the prosecution need not prove which statement is false."

[2]. The indictment was issued on September 14, 1998.

court of appeals was correct in determining that it had jurisdiction to review the indictment by which appellant was charged.

■ However, once the court of appeals determined that the applicable statute of limitations for aggravated perjury is two years and that the second, charged date was within the statute, it was proper to go no further. Under the above exception, only the face of the pleading is considered when determining whether relief is warranted. The various indictments specify the "date of offense" as December 2, 1997. Because the indictment was issued on September 14, 1998, a date less than two years after the alleged date of the offense, the pleading, on its face, does not show that the offense charged is barred by limitations. Therefore, appellant is not entitled to pre-trial habeas corpus relief. *Dickerson, supra.* Appellant's ground for review is overruled.[3]

Based on the foregoing, the judgment of the court of appeals is affirmed.

MEYERS, J., concurred in the judgment.

---

**3.** How the limitations periods for perjury and aggravated perjury interact with § 37.06 is an open question, and one that deserves consideration at the appropriate time. However, given the procedural posture of the instant case (i.e., a pretrial application for writ of habeas corpus), and the dates alleged on the face of the indictment, it is not yet time to decide that issue in this case, and denial of habeas corpus relief is appropriate.