In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-250 CR


____________________



BRENT ANDREW DORNBURG, Appellant



V.



THE STATE OF TEXAS, Appellee





 

On Appeal from the 359th Judicial District Court


Montgomery County, Texas


Trial Cause No. 04-10-08407-CR








MEMORANDUM OPINION


 Appellant was indicted for bribery on October 12, 2004. See Tex. Pen. Code Ann.
§ 36.02 (Vernon 2003). The indictment alleged in part that on or about November 26, 2001,
Brent Andrew Dornburg 

 did then and there unlawfully solicit, accept, and agree to accept a benefit,
namely: money . . . as consideration for the exercise of official discretion by
Terri Lynn Dornburg, a public servant, to wit: an Assistant District Attorney
for Montgomery County, Texas, in a judicial proceeding, namely the filing of
a motion to dismiss a criminal case . . . pending before the County Court at
Law of Montgomery County, Texas[.]


 The State subsequently filed a motion to amend the indictment to read, in part, as follows:

 [O]n or about November 26, 2001, . . . Brent Andrew Dornburg, hereinafter
styled the defendant, with intent to promote and assist the commission of the
offense of bribery, did solicit, encourage, aid and attempt to aid Terri Lynn
Dornburg to commit the offense of bribery by unlawfully soliciting, accepting,
and agreeing to accept a benefit, namely: money, which was a benefit to Terri
Lynn Dornburg . . . as consideration for the exercise of official discretion by
Terri Lynn Dornburg, a public servant, to wit: an Assistant District Attorney
for Montgomery County, Texas, in a judicial proceeding . . . pending before
the County Court at Law of Montgomery County, Texas.


The trial court granted the State's motion to amend the indictment more than three years after
the date of the alleged offense. 

 Dornburg filed an application for pre-trial writ of habeas corpus. He argued the
original indictment was fundamentally defective because it failed to allege a culpable mental
state, and therefore the written instrument did not vest the trial court with jurisdiction and did
not toll the statute of limitations. See Act of May 17, 2001, 77th Leg., R.S., ch. 1482, § 1, art.
12.01(6), 2001 Tex. Gen. Laws 5269, 5270 (amended 2003)(current version at Tex. Code
Crim. Proc. Ann. art. 12.01(6) (Vernon Supp. 2005)). The trial court denied Dornburg's
application. He asks this Court to reverse the trial court's order denying habeas corpus relief. 

 Habeas corpus is generally not available prior to trial to test the sufficiency of an
indictment. Ex parte Tamez, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001). One exception
to that general rule is "if the pleading, on its face, shows that the offense charged is barred
by limitations, then it is appropriate that habeas corpus relief be granted." Id. (1) Because
appellant asserts the offense charged is barred by the statute of limitations, this Court has
jurisdiction to review the indictment by which appellant was charged. See id.; Ex parte
Dickerson, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977). 

 The Texas Constitution defines an indictment as "a written instrument presented to
a court by a grand jury charging a person with the commission of an offense." Tex. Const.
art. V, § 12(b). An indictment must set forth the charged offense in "plain and intelligible
words." Tex. Code Crim. Proc. Ann. art. 21.02(7) (Vernon 1989). The Court of Criminal
Appeals has held a written instrument is an indictment under the Constitution "if it accuses
someone of a crime with enough clarity and specificity to identify the penal statute under
which the State intends to prosecute, even if the instrument is otherwise defective." Duron
v. State, 956 S.W.2d 547, 550-51 (Tex. Crim. App. 1997); see also Cook v. State, 902
S.W.2d 471, 479-80 (Tex. Crim. App. 1995). (2) Although an indictment which fails to allege
a culpable mental state required for an offense is defective, it is not considered void or
without effect. See Ex parte Weise, 55 S.W.3d 617, 621 (Tex. Crim. App. 2001); State v.
Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991); Studer v. State, 799 S.W.2d 263, 268
(Tex. Crim. App. 1990). "[T]he failure to allege a culpable mental state when one is required
does not render the charging instrument void," though "the charging instrument is subject to
a motion to quash." Weise, 55 S.W.3d at 621. 

 Article 12.05(b) of the Code of Criminal Procedure provides that the time "during the
pendency" of an indictment is not to be "computed in the period of limitation." Tex. Code
Crim. Proc. Ann. art. 12.05(b) (Vernon 2005). The pendency of the indictment tolls the
limitations period. "[D]uring the pendency" is defined in the statute as "that period of time
beginning with the day the indictment, information, or complaint is filed in a court of
competent jurisdiction, and ending with the day such accusation is, by an order of a trial
court having jurisdiction thereof, determined to be invalid for any reason." Tex. Code Crim.
Proc. Ann. art. 12.05(c)(Vernon 2005). 

 In Hernandez v. State, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004), the Court held
that when a prior indictment alleged the same conduct as the subsequent indictment, article
12.05(b) tolled the limitations period during the pendency of the prior indictment. Id; see
Tex. Code Crim. Proc. Ann. art. 12.05 (Vernon 2005). The Court of Criminal Appeals also
has held that an indictment which is invalid nevertheless tolls the running of the statute of
limitations. Vasquez v. State, 557 S.W.2d 779, 784 (Tex. Crim. App. 1977), overruled on
other grounds by Proctor v. State, 967 S.W.2d 840 (Tex. Crim. App. 1998); Ex parte Slavin,
554 S.W.2d 691, 692-93 (Tex. Crim. App. 1977). 

 The original indictment in this case was filed within three years of the alleged offense,
and it remained pending until it was amended pursuant to the State's motion. The original
indictment was sufficiently clear and specific to identify the penal statute under which the
State intends to prosecute. See Tex. Pen. Code Ann. § 36.02 (Vernon 2003); See Duron,
956 S.W.2d at 550-51. The amended indictment charged Dornburg for the same conduct as
the original indictment. See generally Hernandez, 127 S.W.3d at 774 (indictment charging
same conduct tolls limitations). The indictment was amended to charge Dornburg as a party
to the alleged bribery. The Court of Criminal Appeals has held that "the failure to allege a
culpable mental state when one is required does not render the charging instrument void." 
Weise, 55 S.W.3d at 621. The original indictment, whether or not defective, tolled the statute
of limitations during its pendency. See Tex. Code Crim. Proc. Ann. art. 12.05(b), (c)
(Vernon 2005); Vasquez, 557 S.W.2d at 784. Appellant's issue is therefore overruled. The
order of the trial court is affirmed.

 AFFIRMED. 

 ___________________________________

 DAVID GAULTNEY 
 Justice

Submitted on October 12, 2005

Opinion Delivered November 30, 2005

Do not publish


Before Gaultney, Kreger, and Horton, JJ. 
1. In Tamez, the Texas Court of Criminal Appeals held that looking beyond the face
of the indictment in deciding a pretrial application for writ of habeas corpus would be
premature, and "the issue of limitations that is implicated by this case is not yet ripe for
consideration[.]" Tamez, 38 S.W.3d at 160. 
2. In Cook, the Court of Criminal Appeals held a charging instrument that completely
fails to charge "a person" does not constitute an indictment as required by the Texas
Constitution. Cook, 902 S.W.2d at 480. The Court explained, "While art. V, § 12(b) was
clearly intended to eliminate the requirement that an indictment charge every element of an
offense, it is equally apparent that neither the Legislature nor the voters intended to abrogate
the constitutional right to a charging instrument sufficient to constitute an indictment." Id.
at 478.