

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1067-15

### EX PARTE JAMES RICHARD "RICK" PERRY, Appellant

### ON APPELLANT'S AND STATE'S PETITIONS FOR DISCRETIONARY REVIEW FROM THE THIRD COURT OF APPEALS TRAVIS COUNTY

NEWELL, J., filed a concurring opinion in which KEASLER, and HERVEY, JJ., joined.

**Come at the king, you best not miss.**
                                    –Omar Little, *The Wire* (HBO 2002)

I join the Court's majority opinion holding that prosecuting the appellant for exercising his absolute right to veto legislation violates the separation of powers under the Texas Constitution. And I agree that prosecuting the appellant for merely threatening to veto legislation violates the First Amendment. I write separately because it appears to me that everyone is making this case more complicated than it is because of who it involves.

As the majority sets out, the appellant was charged under a two count indictment. In the first count of the indictment, the special prosecutor alleged that the appellant had committed the offense of "abuse of official capacity" by misusing government property. TEX. PENAL CODE § 39.02. Count two alleged that the appellant had committed the offense of "coercion of a public servant" by threatening to veto legislation to provide funding for the continued operation of the Public Integrity Unit of the Travis County District Attorney's Office. TEX. PENAL CODE § 36.03.

The appellant challenged both counts in a motion to quash the indictment as well as a pretrial application for a writ of habeas corpus. The trial court did not quash the indictment, but did note that the first count failed to provide sufficient notice of the act constituting the offense. The appellant had not yet challenged the first count of the indictment on that basis, so the special prosecutor filed with the trial court a document titled "Bill of Particulars & Amendment of Indictment." In this informal amendment to the indictment, the special prosecutor specifically identified the appellant's actual veto as the act that amounted to an abuse of the appellant's official capacity. The appellant objected, saying that the "bill of particulars" left the State free to shift strategies at trial if needed because it was not a formal amendment to the indictment. The trial court otherwise denied the appellant's pre-trial application for writ of habeas corpus.

This Court has granted a pretrial writ of habeas corpus in *Ex parte Boetscher* because it was apparent from the face of the pleadings that a prosecution for felony non-support of

two minor children violated a defendant's right to equal protection under the Fourteenth Amendment. 812 S.W.2d 600, 603 (Tex. Crim. App. 1991). The appellant relied upon *Ex parte Boetscher* to argue that the trial court had the authority to grant the pretrial writ of habeas corpus without factual development.[1] The court of appeals recognized *Boetscher* is still good law, but distinguished the case by positing that, unlike *Boetscher*, factual determinations were necessary in this case to resolve appellant's constitutional claims. *Ex parte Perry*, 471 S.W.3d 63, 84-85 (Tex. App.–Austin 2015). But this Court's holding in *Boetscher* was not limited to a particular constitutional violation or situations where the indictment itself clearly shows that prosecuting the defendant violates some provision of either the federal or state constitution; those were just the facts of that case. The court of appeals characterized the appellant's claims regarding the first count as un-cognizable simply because they rested upon pleadings outside of the indictment itself. That is where the court of appeals missed the mark.

As a matter of due process, a defendant is entitled to know precisely what he is charged with so that he may prepare an adequate defense. *State v. Moff*, 154 S.W.3d 599, 603 (Tex. Crim. App. 2004). Moreover, we have made clear that this due process

[1] Even though the statute at issue in *Boetscher* facially discriminated between in-state and out-of-state defendants, it was still incumbent upon the defendant to prove that he was treated differently than other similarly situated parties because he was an out-of-state defendant to prevail on his equal protection claim. *See e.g. State v. Dinur*, 383 S.W.3d 695, 701 (Tex. App.–Houston [14th Dist.] 2012, no pet.) ("Generally, to assert an equal protection claim, the deprived party must establish two elements: (1) that he or she was treated differently than other similarly situated parties; and (2) that he or she was treated differently without a reasonable basis."). But in *Boetscher*, we relied upon the pleadings themselves to establish that the defendant was from Michigan, a fact necessary to prove his equal protection claim. *Boetscher*, 812 S.W.2d at 603 ("Appellant argues that § 25.05(g)(2), as applied to the unusual circumstances of this case, denies him equal protection because it makes his alleged conduct a felony, rather than a misdemeanor, 'solely because he is not a resident of Texas.'").

requirement may be satisfied by means other than the language in the charging instrument. *Id.*; *see also Kellar v. State*, 108 S.W.3d 311, 313-14 (Tex. Crim. App. 2003) (holding, in a theft case involving numerous transactions, that the State's filing of an itemized list containing the dates, check numbers, and amounts of each transaction provided the defendant with sufficient notice to prepare his defense). But the State cannot have it both ways; it cannot avoid a due process challenge to a deficient charging instrument by submitting an informal pleading rather than formally amending the indictment and then claim that it is not bound by those allegations because they are not contained in the indictment.

Having specified the veto of the funds for the Public Integrity Unit as the act he intended to rely upon to prove the appellant committed the offense of abuse of official capacity, the special prosecutor placed the State in the same position the prosecutors did in *Boetscher*. It became apparent from the face of the pleadings that the prosecution of the appellant violated a constitutional provision. In *Boetscher*, the prosecution violated the equal protection clause. In this case, as the majority set out in thorough detail, the prosecution violated the separation of powers provision under the Texas Constitution. TEX. CONST. art. II, § 1.[2] No factual development was necessary; under *Boetscher,* the trial court was

---

[2] Section 14 of Article 4 of the Texas Constitution sets out in great detail how a Governor's veto is supposed to work. Notably, however, the plain text of this section places no limitations on the Governor's veto power based on the reason for the veto, only procedural limitations such as the need for the Governor to register his or her disapproval within ten days of a bill's presentment to his or her office. TEX. CONST. ART. IV, § 14. Neither does it assign authority to the legislature to limit the exercise of veto power on substantive grounds. *Cf. Meshell v. State*, 739 S.W.2d 246, 252 (Tex. Crim. App. 1987) (noting that the Texas Constitution explicitly grants the Legislature authority over judicial "administration"). As explained by the majority, legislation that criminalizes appellant's exercise of his constitutional veto power on substantive grounds prevents appellant's effective exercise of constitutionally assigned powers, namely his veto authority. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990) (explaining that a separation of powers violation occurs when one branch of government

authorized to consider the appellant's legal claim in a pretrial application for writ of habeas corpus. Presiding Judge Keller correctly observes that this claim would also be "cognizable" on a pretrial writ of habeas corpus to vindicate a constitutional right that would be effectively undermined if a defendant could only receive relief from that constitutional violation after trial. But simply addressing the constitutional claim because the violation is apparent from the pleadings resolves the matter much more cleanly.

Perhaps there is a circumstance where a prosecution should be allowed to proceed to verdict even though the pleadings themselves reveal that a statute is being unconstitutionally applied to a particular defendant. But surely it would be an exceedingly rare occurrence that should be treated as an exception rather than the rule itself. Judge Meyers correctly observes that we have repeatedly explained that an "as-applied" challenge depends upon the particular facts and circumstances of the case. *See e.g. State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Allowing such claims to proceed even where factual development is necessary would run afoul of another oft-stated holding from this Court, that habeas corpus is generally not available prior to trial to test the sufficiency of the complaint, information, or indictment. Yet that concern is not present when the pleadings themselves set out a constitutional violation, and none of our cognizability cases excluding an "as applied" challenge from cognizability dealt with situations where the unconstitutional application of the statute was apparent from the pleadings themselves. *Lykos*, 330 S.W.3d

unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers).

at 910 (pretrial habeas cannot be used to get pretrial declaratory judgment that the State is not entitled to proceed with its capital-murder indictment because challenge is not ripe until after conviction); *Ex parte Ellis*, 309 S.W.3d 71, 80 (Tex. Crim. App. 2010) (pretrial habeas cannot be used to construe the meaning and application of money laundering statute); *Ex parte Weise*, 55 S.W.3d 617, 620-21 (Tex. Crim. App. 2001) (pretrial habeas cannot be used to construe the meaning and application of illegal dumping statute). And in contrast, we have held that purely statutory claims that are apparent from the face of the pleadings are cognizable on a pretrial writ of habeas corpus. *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001) ("[I]f the pleading, on its face, shows that the offense charged is barred by limitations, then it is appropriate that habeas corpus relief be granted."). While it is certainly more likely that an as-applied challenge would require development of facts outside the pleadings, we should not bar consideration of a pretrial claim when the pleadings themselves establish an infringement of a constitutional right simply because the claim is labeled an "as-applied challenge."

As for the second count in the indictment, I agree with the majority that the court of appeals properly held that the statutory definition of "coercion" at issue in this case is facially unconstitutional because it criminalizes a substantial amount of protected First Amendment speech. It is not entirely clear to me why we do not simply adopt the reasoning of the court of appeals in affirming the court of appeals' decision. However, I join the majority on this issue because I agree that the legitimate applications of the definition of "coercion" at issue

in this case are vanishingly small compared to wide variety of unconstitutional applications detailed by both the majority and the court of appeals.

At the risk of falling back on a hoary adage, bad facts make bad law. Presiding Judge Keller's opinion does an effective job streamlining our cognizability jurisprudence. I write separately because applying *Boetscher* to address appellant's claims regarding the first count in the indictment does a better job of hitting the intended target. With these thoughts I concur.

Filed: February 24, 2016

Publish