# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00297-CR

**Ex parte Paul Vallejo**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-16-100296, THE HONORABLE P. DAVID WAHLBERG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Paul Vallejo has been charged by indictment with three counts of aggravated sexual assault of a child. *See* Tex. Penal Code § 22.021(a)(1)(B), (2)(B). Appellant filed a pretrial application for writ of habeas corpus, asserting that the statue of limitations and the constitutional prohibition against ex post facto laws bar prosecution of the charged offenses. *See* Tex. Const. art. I, § 12; Tex. Code Crim. Proc. arts. 11.01, 11.08. After conducting a hearing, the trial court denied habeas relief.[1] We affirm the trial court's order denying appellant's pretrial application for writ of habeas corpus.

---

[1] The record contains a record of a writ hearing that indicates that appellant previously filed a pretrial application for writ of habeas corpus and that the trial court heard and denied that application. No record of that previous hearing appears in the record before us. The writ-hearing record further reflects that appellant re-filed his pretrial application for writ of habeas corpus because there were "technical errors in the proceeding" before. The denial of this subsequent pretrial application is the subject of this appeal.

## STANDARD OF REVIEW

In reviewing a trial court's decision on a pretrial application for writ of habeas corpus, we review the facts in the light most favorable to the trial court's ruling and, absent an abuse of discretion, uphold the ruling. *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006); *Ex parte Ali*, 368 S.W.3d 827, 830 (Tex. App.—Austin 2012, pet. ref'd). An abuse of discretion does not occur unless the trial court acts "arbitrarily or unreasonably" or "without reference to any guiding rules and principles," *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016) (quoting *Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990)), or unless the trial court's decision "falls outside the zone of reasonable disagreement," *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

## DISCUSSION

In his habeas application, appellant first maintained that the prosecution was barred by the statute of limitations in effect at the time the alleged offenses were committed. He next contended that the prosecution for the charged offenses subjected him to an ex post facto violation. He raises those arguments in two points of error on appeal.

### Statute of Limitations

Pretrial habeas, followed by an interlocutory appeal, is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017); *Ex parte Perry*, 483 S.W.3d 884, 895 (Tex. Crim. App. 2016); *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Thus,

2

"[a] defendant may use a pretrial writ of habeas corpus only in very limited circumstances." *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005).

Generally, a pretrial writ of habeas corpus may not be used to test the sufficiency of the charging instrument. *Id.* at 801–02; *accord Perry*, 483 S.W.3d at 895; *Ex parte Ellis*, 309 S.W.3d 71, 79 (Tex. Crim. App. 2010); *Doster*, 303 S.W.3d at 724; *see Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001) ("We have long held that when there is a valid statute or ordinance under which a prosecution may be brought, habeas corpus is generally not available prior to trial to test the sufficiency of the complaint, information, or indictment."). An exception against testing the sufficiency of the charging instrument applies when prosecution of the offense is barred by the statute of limitations. *Doster*, 303 S.W.3d at 724; *Smith*, 178 S.W.3d at 802; *see Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001) (noting that "when the pleading, on its face, shows that the offense charged is barred by limitations . . . the applicant is challenging the trial court's power to proceed"). Limitations is an absolute bar to prosecution. *See Smith*, 178 S.W.3d at 802 n.17 ("[T]here is no authority in law to prosecute any citizen of Texas for the violation of the law after the period of limitation has intervened." (quoting *Ex parte Hoard*, 140 S.W. 449, 451 (Tex. Crim. App. 1911)). "There is no point in wasting scarce judicial and societal resources or putting the defendant to great expense, inconvenience, and anxiety if the ultimate result is never in question." *Smith*, 178 S.W.3d at 802. Thus, when the face of the pleading shows that the offense charged is barred by limitations, habeas relief should be granted. *Id.*; *Tamez*, 38 S.W.3d at 160.

The indictment in this case charges appellant with committing the offenses of aggravated sexual assault of a child against V.G. on or about May 1, 1999 (Count I), July 1, 1999

3

(Count II), and August 16, 1999 (Count III). Under the provisions in effect at the time of these alleged offenses, the statute-of-limitations period for aggravated sexual assault of a child was ten years from the 18th birthday of the victim. *See* Act of May 24, 1997, 75th Leg., R.S., ch. 740, § 1, art. 12.01, 1997 Tex. Gen. Laws 2403, 2403 (current version at Tex. Code Crim. Proc. art. 12.01(1)(B)).

The record reflects that V.G. was born on October 19, 1985. Ten years from her 18th birthday was October 19, 2013. Thus, under the provision in effect at the time of the charged offenses, the limitation period was set to expire on October 19, 2013. The indictment in this case was returned on January 30, 2017. Given that the indictment was returned after V.G.'s 28th birthday, appellant contended that the statute of limitations bars prosecution of the alleged offenses of aggravated sexual assault of a child because the limitation period had expired prior to the return of the indictment.

However, the Legislature may extend the statute of limitations for prosecution of a criminal offense after the offense has been committed but before the expiration of the original limitation period. *Lindsey v. State*, 760 S.W.2d 649, 653 (Tex. Crim. App. 1988); *Archer v. State*, 577 S.W.2d 244 (Tex. Crim. App. 1979). In 2007, before the statute of limitations had run on the 1999 offenses, the Legislature amended article 12.01 of the Texas Code of Criminal Procedure and provided that, effective September 1, 2007, no statute of limitations bars the presentment of felony indictments for the offenses of sexual assault of a child, aggravated sexual assault of a child, or indecency with a child. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 1.03, art. 12.01, 2007 Tex. Gen. Laws 1120, 1120 (current version at Tex. Code Crim. Proc. art. 12.01(1)(B)).

Unless the Legislature expressly provides otherwise, a statute extending the period of limitation applies to all offenses not time-barred at the time of the passage of the act so that a prosecution may be commenced at any time within the new duly established limitation period even if the old period of limitation has expired.[2] *Lindsey*, 760 S.W.2d at 653; *Archer*, 577 S.W.2d at 244. Here, the former limitation period applicable to the charged 1999 offenses—V.G.'s 18th birthday plus ten years—had not yet expired on September 1, 2007. Therefore, the trial court correctly determined that the new limitation period for the offense of aggravated assault of a child applied so that the instant prosecution is not barred by limitations.

Accordingly, we conclude that the trial court did not abuse its discretion by denying appellant's pretrial habeas application on this ground. *See, e.g.*, *Tamez*, 38 S.W.3d at 161 (concluding that accused was not entitled to pretrial habeas corpus relief because pleading did not show on its face that charged offense was barred by limitations). We overrule appellant's first point of error.

## Ex Post Facto

Both the United States and Texas constitutions prohibit the State from applying an ex post facto law. *See* U.S. Const. art. I, § 9, cl. 3 (prohibiting passage of ex post facto law); Tex. Const. art. I, § 16 (same); *see also* U.S. Const. art. I, § 10, cl. 1 (prohibiting states from passing ex post facto law). An ex post facto law is one that: (1) punishes as a crime an act previously

---

[2] In the 2007 amendment, the Legislature expressly provided that the new limitation period did not apply to an offense if the prosecution of the offense became barred by limitations before September 1, 2007. *See* Act of May 18, 2007, 80th Leg., R.S., ch. 593, § 4.01(c), 2007 Tex. Gen. Laws 1120, 1148.

committed that was innocent when done; (2) aggravates a crime, or makes it greater than it was, when committed; (3) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when committed; or (4) deprives a person charged with a crime of any defense available at the time the act was committed. *See Peugh v. United States*, 569 U.S. 530, 538–39 (2013); *Collins v. Youngblood*, 497 U.S. 37, 41–44 (1990); *Rodriguez v. State*, 93 S.W.3d 60, 66 (Tex. Crim. App. 2002); *Ex parte Davis*, 947 S.W.2d 216, 219–20 (Tex. Crim. App. 1996); *see also Grimes v. State*, 807 S.W.2d 582, 583–84, 586–87 (Tex. Crim. App. 1991) (explaining that law is ex post facto if it is "passed 'after the fact' or commission of an act" and retrospectively changes consequences pertaining to act and that Texas courts have adopted federal definition of ex post facto when interpreting Texas constitutional provision by determining "whether a statute assigns more disadvantageous criminal or penal consequences to an act than did the law in place when the act occurred").

In his habeas application, in addition to claiming that the instant prosecution is barred by limitations, appellant further argued that the prosecution is barred under the Ex Post Facto clauses of the United States and Texas constitutions, claiming that "[b]y changing the law the Legislature has changed the legal consequences or relations in [appellant's] case . . . and deprive[d] him of a defense that was in effect at the time of the alleged commission of the offense." Appellant asserts that the elimination of the period of limitation altogether in the 2007 amendment, as opposed to simply an extension of the limitation period, deprived him of a defense that was in effect at the time

6

of the commission of the alleged offenses.[3] However, while a statute of limitations is "in effect" when a criminal offense is committed, no statute-of-limitations defense is available to a defendant at the time of the criminal offense. Such a defense accrues only at some later point (if at all); it is not available at the time the criminal act was committed. Thus, changing the statute of limitations and removing the limitation period did not deprive appellant of a defense that was available at the time he allegedly committed the charged offenses in 1999.

Moreover, statutes of limitations are measures of public policy "entirely subject to the will of the Legislature." *Phillips v. State*, 362 S.W.3d 606, 612 (Tex. Crim. App. 2011), *overruled on other grounds by Ex parte Heilman*, 456 S.W.3d 159, 166–69 (Tex. Crim. App. 2015) (quoting *Vasquez v. State*, 557 S.W.2d 779, 781 n.2 (Tex. Crim. App. 1977)); *see Ex parte Matthews*, 933 S.W.2d 134, 136 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840, 844–45 (Tex. Crim. App. 1998) ("Statutes of limitation are acts of grace in that the sovereign surrenders its right to prosecute (or its right to prosecute at its discretion); thus they are considered to be equivalent to acts of amnesty." (quoting *Vasquez*, 557 S.W.2d at 781)); *Martinez v. State*, No. 03-12-00273-CR, 2014 WL 1208774, at *2 (Tex. App.—Austin Mar. 20, 2014, no pet.) (mem. op., not designated for publication) ("[T]he statute of limitations is a procedural rule [ ] in the nature of a defense" that operates as an "act of grace for the benefit of potential defendants, a voluntary surrendering by the people of their right to prosecute." (quoting

---

[3] Specifically, appellant asserts in his brief, "There is no period of time which will trigger the statute of limitations for this offense[;] a potential defense that did exist at the time of the alleged commission of this indicted offense[ ] was removed by the State to make the prosecution of said crime easier for the sovereign."

*Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998)). Consequently, statutes of limitations "may be changed or repealed without violating constitutional prohibitions against ex post facto laws in any case where a right to acquittal has not been absolutely acquired by the completion of the period of limitations." *Phillips*, 362 S.W.3d at 612 (quoting *Vasquez*, 557 S.W.2d at 781 n.2). Thus, the limitation period may be extended or removed by the Legislature, and a prosecution within the new time period will be permitted if the limitation period had not already expired before the law was changed. *See id.* at 613; *Matthews*, 933 S.W.2d at 136.

The 2007 amendment to article 12.01 at issue here does not violate the constitutional prohibition against ex post facto laws. Further, because the limitation period for the charged aggravated sexual assaults in this case had not expired before the limitation period was amended by the Legislature, the instant prosecution does not violate the constitutional prohibition against ex post facto laws. *See, e.g.*, *Latham v. State*, No. 02-04-230-CR, 2006 WL 20398, at *3 (Tex. App.—Fort Worth Jan. 5, 2006, no pet.) (mem. op., not designated for publication).

For the above reasons, we conclude that the trial court did not abuse its discretion by denying appellant's pretrial habeas application on this ground. Accordingly, we overrule appellant's second point of error.

**CONCLUSION**

Having concluded that the prosecution for the charged offenses is not barred by the applicable statute of limitations and that the 2007 amendment to article 12.01 does not violate the constitutional prohibition against ex post facto laws, we further conclude that the trial court did not

abuse its discretion by denying appellant's pretrial application for writ of habeas corpus. Accordingly, we affirm the trial court's order denying habeas relief.

_____

Cindy Olson Bourland, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: November 14, 2018

Do Not Publish