

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1092-20

### EX PARTE MAURICE EDWARDS, Appellant

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

KEEL, J., delivered the opinion of the Court, in which KELLER, P.J., and HERVEY, RICHARDSON, NEWELL, and MCCLURE, JJ., joined. YEARY, J., filed a dissenting opinion, in which WALKER, J., joined. SLAUGHTER, J., concurred in the result.

## O P I N I O N

Is a statute-of-limitations challenge to a sexual assault indictment cognizable in pretrial habeas? We hold it is not because an indictment that alleges sexual assault without also alleging other facts may be amended to show that the prosecution is not barred by limitation. A defendant has other available remedies. He may challenge a

sexual-assault prosecution as time barred via a motion to dismiss or as a defensive issue at trial, but he may not via pretrial habeas.

## I. Background

In 2017 Appellant was indicted for aggravated sexual assault alleged to have been committed in 2003.   He filed an application for pretrial habeas corpus seeking dismissal of the charge as barred by the ten-year statute of limitation.   Tex. Code Crim. Proc. art. 12.01(2) (E).   The State argued that there was no limitation on the prosecution because of an exception to the general limitation period—biological matter collected during the investigation "has been subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained[.]"   Tex. Code Crim. Proc. Art. 12.01(1)(C)(i)(b).[1]   The trial court denied relief, but the court of appeals reversed and ordered relief to be granted.   *Ex parte Edwards*, 608 S.W.3d 325, 337 (Tex. App.—Houston [1st Dist.] 2020).   It reasoned that one of the conditions for applying the exception—what the testing results show—was not proven at the habeas hearing.   *Id.* at 336.   We granted the State's petition for discretionary review to decide, among other things, whether Appellant's statute-of-limitation claim was cognizable in pretrial habeas.   Since we hold that it was not

---

1 This exception to the sexual assault statute of limitation was renumbered in 2019 but was otherwise unchanged. Act of June 4, 2019, 86th Leg., R.S., ch. 408, § 2.   Although the exception was under Article 12.01(1)(C)(i) when Appellant was indicted in 2017, we will refer to it by its current numeration.

cognizable, we reverse the judgment of the court of appeals without addressing the State's other grounds for review.

## II. Pretrial Habeas and Statutes of Limitation

Pretrial habeas is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). It is reserved for cases where "the protection of the applicant's substantive rights or the conservation of judicial resources would be better served by interlocutory review." *Id.* (quoting *Ex parte Weise*, 55 S.W.3d 617, 620 (Tex. Crim. App. 2001). Denial of relief in pretrial habeas implicates the right to an interlocutory appeal, itself an extraordinary remedy. *See Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). Consequently, appellate courts take care to foreclose from pretrial habeas "matters that in actual fact should not be put before appellate courts at the pretrial stage." *Id.* (quoting *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (*per curiam*)).

Pretrial habeas is "unavailable when the resolution of a claim may be aided by the development of a record at trial." *Doster*, 303 S.W.3d at 725; *Ingram*, 533 S.W.3d at 892 (quoting *Weiss*, 55 S.W.3d at 620). It is also usually unavailable to test the sufficiency of a charging instrument. *Doster*, 303 S.W.3d at 724. An exception to the rule against testing the sufficiency of the charging instrument via pretrial habeas is made for claims involving a constitutional right to avoid trial, such as double jeopardy. *Ex parte Perry*, 483 S.W.3d 884, 899 (Tex. Crim. App. 2016) (plurality op). But a statute-

of-limitation claim is not constitutionally based. *Proctor v. State*, 967 S.W.2d 840, 843 (Tex. Crim. App. 1998) (noting that the statute of limitation is a procedural rule).

Nevertheless, an exception to the bar against pretrial habeas as an avenue for testing the sufficiency of a charging instrument has historically been found where the face of the indictment "shows that the prosecution is barred by limitations." *Doster*, 303 S.W.3d at 724 (citing, *inter alia*, *Weise*, 55 S.W.3d at 620; *Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim. App. 2001)). The statute-of-limitation exception traces back to *Ex parte Dickerson*, 549 S.W.2d 202, 203 (Tex. Crim. App. 1977). *Doster*, 303 S.W.3d at 724 (noting, "Statements in our recent cases trace their lineage to the 1977 decision in *Ex parte Dickerson*.").

The exception was justified by an understanding that a charging instrument whose face showed that the prosecution was barred by limitation was "so fundamentally defective" that it deprived the trial court of jurisdiction. *Dickerson*, 549 S.W.2d at 203; *see also Weise*, 55 S.W.3d at 620 (noting that when the pleading, on its face, shows that the offense charged is barred by limitation, the applicant is challenging the trial court's power to proceed). Indeed, the defect was so serious that the *Dickerson* court took cognizance of it on its own initiative. *Dickerson*, 549 S.W.2d at 203.

But two changes in the legal landscape undercut the view that an apparent limitation bar to prosecution deprived a trial court of jurisdiction: (1) a 1985 constitutional amendment and (2) our decision in *Proctor v. State*. *Doster*, 303 S.W.3d

at 724 (recognizing that the rationale for *Dickerson* was undercut by Texas Constitution, Article V, Section 12(b) and *Proctor*, 967 S.W.2d at 844-45).

As relevant here, the 1985 amendment to Article V, Section 12 of the Texas Constitution defined an indictment as "a written instrument presented to a court by a grand jury charging a person with the commission of an offense" and specified that an indictment's presentment to a court "invests the court with jurisdiction of the cause." Tex. Const. art. V, § 12(b).

Under this provision an indictment is still an indictment even if it has a defect of substance. *Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990) (holding that omission of an element from an indictment is a defect of substance, but the indictment is still an indictment). An apparent limitation bar is a defect of substance. Tex. Code Crim. Proc. art. 27.08(2). But an apparently limitation-barred charging instrument "still confers jurisdiction upon the trial court, such that the defendant must bring the defect to the attention of the trial court in order to preserve any error." *State v. Yount*, 853 S.W.2d 6, 8 (Tex. Crim. App. 1993).

*Proctor* also undermined *Dickerson* when it abandoned a longstanding requirement that the State must always disprove a limitation bar to prosecution. *Proctor*, 967 S.W.2d at 843-44. *Proctor* held instead that a statute of limitation claim must be asserted by the defense at or before the guilt phase of trial before the State must disprove it. *Id.* at 844. A defendant may raise a limitation claim before trial by a motion to

dismiss under Texas Code of Criminal Procedure Article 27.08(2), he may raise it at trial as a defense, or he may waive it. *Proctor*, 967 S.W.2d at 844.

*Smith* suggested that *Proctor* might have dispensed with the need to allege tolling absent a defendant's statute-of-limitation claim in a motion to dismiss or quash the charging instrument. *Smith*, 178 S.W.3d at 804, n.33. Instead of deciding that question, however, it characterized tolling as an exception to the statute of limitation and held that even a defective tolling paragraph is sufficient to show on the face of the indictment that the prosecution is not barred by limitation. *Id*. at 802. Defects in a tolling paragraph are reparable and "do not destroy a trial court's power or jurisdiction to proceed," and so "may not be raised by means of a pretrial writ of habeas corpus." *Id*. at 803.

A "reparable" defect is one that "could have been repaired had the defect been brought to the trial court's attention before trial." *Id*. In *Tita v. State*, the defect in the indictment—the State's failure to include a tolling paragraph—was brought to the trial court's attention before trial via a motion to dismiss. 267 S.W.3d 33 (Tex. Crim. App. 2008). We said the trial court erred in denying Tita's motion and noted, "Had the trial court granted appellant's motion to dismiss, then, presumably, the State could have amended the indictment and the prosecution could have proceeded. *Id*. at 38 n.6 (citing Tex. Code Crim. Proc. art 28.09).

In contrast to the indictment in *Tita*, the perjury indictment in *Tamez* was not subject to repair. *Tamez*, 38 S.W.3d at 159. The issue was whether the statue-of-

limitation clock was started by the first or second statement. Either the clock started when the first statement was made, and the indictment was outside the statute of limitation, or the clock started when the second statement was made, and the indictment was within the statute of limitation. *Id.* at 160. The statute-of-limitation claim was cognizable on pretrial habeas because there was nothing to consider beyond the face of the indictment. *Id.* at 161. *Tamez* dealt with the rare indictment that would not be subject to repair; Tamez's statute-of-limitation claim presented a purely legal question, not a factual one.

But the legislature has chosen to promulgate factually based exceptions to some general statutes of limitation. For example, the statute of limitation for aggravated kidnapping generally is five years. Tex. Code Crim. Proc. art. 12.01(4)(B) (setting limitation period for kidnapping at five years); *id.* at art. 12.03 (specifying "aggravated" offenses generally carry the same limitation period as the primary crime). But if the investigation "shows that the victim is younger than 17 years of age" when kidnapped, then the limitation period is 20 years from the victim's 18th birthday. *Id.* at art. 12.01(5)(B). Bigamy is another example. It generally has a seven-year limitation. *Id.* at art. 12.01(3)(J). But if the investigation "shows that the person, other than the legal spouse of the defendant, whom the defendant marries or purports to marry or with whom the defendant lives under the appearance of being married is younger than 18 years of

age" when the offense is committed, then the limitation is ten years from the victim's 18th birthday. *Id.* at art. 12.01(6)(C).

Sexual assault of a child has no limitation, *id.* at 12.01(1)(B), but sexual assault of an adult has two possible limitations or no limitation. The general limitation is ten years. *Id.* at art. 12.01(2)(E) (setting limitation of ten years from date of offense). But sexual assault punishable under Texas Penal Code § 22.011(f)(2) has a two-year limitation measured against "the date the offense was discovered[.]" Tex. Code Crim. Proc. art. 12.01(7). Sexual assault of an adult has no limitation if biological matter is collected during the investigation and "has not yet been subjected to forensic DNA testing[.]" *Id.* at art. 12.01(1)(C)(i)(a). It has no limitation if biological matter is collected, and "probable cause exists to believe that the defendant has committed the same or a similar sex offense against five or more victims[.]" *Id.* at art. 12.01(1)(C)(ii). And there is no limitation if the biological matter collected during the investigation "has been subjected to forensic DNA testing and the testing results show that the matter does not match the victim or any other person whose identity is readily ascertained[.]" *Id.* at art. 12.01(1)(C)(i)(b).

An indictment returned outside a general statute of limitation may be reparable by resort to an exception. If so, then a statute-of-limitation claim is not cognizable on pretrial habeas. That does not mean the indictment is "immune" to a limitation bar; it only means that the issue must be raised in a motion to quash and/or as a defense at trial.

### III. Analysis

To satisfy the requirement of Code of Criminal Procedure Article 21.02(6), the State should have included facts in the indictment to show that the prosecution was not limitation barred. But its failure to do so was a reparable defect.

Appellant's claim is not a constitutional one whose underlying rights require vindication before trial. *See Perry*, 483 S.W.3d at 899. Nor does it call into question the trial court's jurisdiction. *See* Tex. Const. art. V, § 12(b). Rather, his limitation claim is based on a procedural statute that is an "act of grace." *See Proctor*, 967 S.W.3d at 843. The statute-of-limitation violation on the face of this indictment is reparable. *Smith*, 178 S.W.3d at 803. The State may amend the indictment to allege an exception to the general 10-year statute of limitation. *See* Tex. Code Crim. Proc. arts. 12.01(1)(C)(i)(b); 28.09. For the foregoing reasons, Appellant's limitation claim is not cognizable in pretrial habeas. He may instead assert it by a motion to dismiss under Article 27.08(2) or as a defense at trial. *See Proctor*, 967 S.W.3d at 844.

### IV. Conclusion

The court of appeals was mistaken both in addressing the merits of Appellant's claim on interlocutory appeal and in granting habeas corpus relief. We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings consistent with this opinion.

Delivered: May 4, 2022

Publish