**Affirm and Opinion Filed February 3, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00221-CR**

**EX PARTE DENNY C MACKEY, Appellant**

**On Appeal from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 19-00324-422-F**

## MEMORANDUM OPINION

Before Justices Molberg, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

Appellant Denny C. Mackey brings this appeal to challenge the trial court's denial of his application for writ of habeas corpus and motion to quash. Mackey was indicted for aggregate theft of over $100,000 but less than $200,000. *See* TEX. PENAL CODE § 31.09. Mackey alleges the statute of limitations prevents the State from proceeding with its re-indictment of his case and his application for writ of habeas corpus should have been granted. We affirm.

## BACKGROUND

Mackey was arrested for abuse of official capacity related to allegations he stole money from the Crandall Volunteer Fire Department in 2013 and was later

indicted in 2017 for theft of over $100,000 but less than $200,000 from the Crandall Volunteer Fire Department. *See id*. § 31.03(e)(6). According to the probable cause statement, members of the Crandall Volunteer Fire Department suspected Mackey, who was the secretary/treasurer, obtained two loans from American National Bank on behalf of the Crandall Volunteer Fire Department. No one in the chain of command had authorized those loans and there was evidence Mackey used funds from those loans as well as other Crandall Volunteer Fire Department funds for his personal benefit.

In October 2019, the State filed a motion to amend the indictment and change the offense from theft to aggregate theft under the same facts and circumstances. The trial court granted the State's motion to amend. In November 2019, the State re-indicted the case to the present indictment for aggregate theft between $100,000 and $200,000 from the Crandall Volunteer Fire Department. The re-indictment included a paragraph with tolling language. Mackey filed a motion to quash the indictment and following a hearing on Mackey's motion, the State filed a motion to amend the indictment to make adjustments recommended by the trial court: change the heading to reflect the proper penal code section and clean up the tolling language paragraph. The trial court granted the motion to amend and denied Mackey's motion to quash. Mackey filed an application for a writ of habeas corpus and motion to quash, and in March 2022, filed an amended application for a writ of habeas corpus and motion to quash. In his amended motion, Mackey alleges the indictment:

1. was amended over his objection and charged him with an additional or different offense or prejudiced [his] substantial rights in violation of Article 28.10(c) of the Texas Code of Criminal Procedure;

2. was not an indictment brought before a grand jury and violated article 1.05 of the code of criminal procedure, the Texas Constitution and the United States Constitution;

3. failed to give Mackey sufficient notice of the nature and cause of the accusation against him as required by the code of criminal procedure, the Texas Constitution, and the United States Constitution;

4. was untimely and violated the statute of limitations and failed to allege the proper tolling language;

5. denied Mackey his right to a speedy trial pursuant to the code of criminal procedure, the Texas Constitution, and the United States Constitution; and

6. violated Mackey's Due Process Clause of the United States Constitution.

After a hearing, the trial court denied Mackey's application for writ of habeas corpus and motion to quash. The trial court issued findings of fact and conclusions of law stating in regards to Mackey's issue about the tolling language and statute of limitations:

31. A prior indictment tolls the statute of limitations under Article 12.05(b) for subsequent indictments so long as both indictments allege 'the same conduct, same act, or same transaction[;]' *Hernandez* [*v. State*], 127 S.W.3d [768], 772 [(Tex. Crim. App. 2004)];

32. Defendant received actual notice of the State's accusations, and was able to adequately prepare a defense;

33.  The Indictment from cause 16-00261-422-F tolls the statute of limitations in this cause because it alleges the same conduct, act, or transaction;

34.  Therefore, the Amended Indictment of January 8, 2021 is not untimely and does not violate the statute of limitations.

This appeal followed.

## JURISDICTION

Mackey's issue alleges the trial court erred by denying his application for writ of habeas corpus and motion to quash and finding the statute of limitations tolled with the initial indictment. However, the State challenges this Court's jurisdiction to consider Mackey's appeal. It argues Mackey is essentially appealing the denial of his motion to quash the indictment which is an interlocutory appeal and not cognizable as a pre-trial appeal.

## I.  Applicable Law

A pre-trial writ of habeas corpus is an extraordinary remedy. *Ex parte Ingram*, 533 S.W.3d 887, 891 (Tex. Crim. App. 2017). A defendant may use a pre-trial writ of habeas corpus in very limited circumstances: (1) to challenge the State's power to restrain him at all; (2) to challenge the manner of his pretrial restraint; and (3) to raise an issue that, if meritorious, would bar prosecution or conviction. *Ex parte Smith*, 178 S.W.3d 797, 801 (Tex. Crim. App. 2005) (per curiam). Habeas relief is not available if the defendant has an adequate remedy by post-conviction appeal. *Ex parte Weise*, 55 S.W.3d 617, 619 (Tex. Crim. App. 2001).

–4–

Generally, pre-trial habeas relief is not appropriate to test the sufficiency of the indictment. *Ex parte Tamez*, 38 S.W.3d 159, 160–61 (Tex. Crim. App. 2001). An exception applies when prosecution of the offense is barred by the statute of limitations because "the defect is incurable and irreparable." *Ex parte Smith*, 178 S.W.3d at 802. If the pleading, on its face, shows that the offense is barred by limitations, then the indictment is so fundamentally defective that the trial court does not have jurisdiction and habeas corpus relief should be granted. *Ex parte Lovings*, 480 S.W.3d 106, 110 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Because Mackey asserts the State's indictment is barred by the statute of limitations, we have jurisdiction to review the indictment by which he is charged. *Ex parte Tamez*, 4 S.W.3d 854, 856 (Tex. App.—Houston [1st Dist.] 1999), *aff'd*, 38 S.W.3d 159 (Tex. Crim. App. 2001). We review this question of law de novo. *See Ex parte de la Cruz*, 466 S.W.3d 855, 866 (Tex. Crim. App. 2015).

## II.   Analysis

As an initial matter, we have no jurisdiction to consider the portion of this appeal of the motion to quash because it is interlocutory in nature and the law has not authorized such an interlocutory appeal. *See Ahmad v. State*, 158 S.W.3d 525, 526–27 (Tex. App.—Ft. Worth 2004, pet. ref'd). We dismiss that portion of the appeal for want of jurisdiction.

We have jurisdiction over interlocutory appeals from the denial of pretrial habeas. *See Ward v. State*, —S.W.3d—, —, No. AP-77,096, 2020 WL 3265251, at

*1 (Tex. Crim. App. June 17, 2020). Pretrial habeas is usually unavailable to test the sufficiency of a charging instrument. *Ex parte Edwards*, —S.W.3d—, —, No. PD-1092-20, 2022 WL 1421507, at *1 (Tex. Crim. App. May 4, 2022). A challenge to limitations is a challenge to the substance and sufficiency of the indictment. *See id*. at *2. However, an indicted person may raise a limitations challenge when the face of the indictment "shows the prosecution is barred by limitations." *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010).

Mackey argues the re-indictment charged him with a different offense than that original indictment issued in 2017, therefore the re-indictment falls outside of the statute of limitations. On the face of the re-indictment, the State included a tolling paragraph referencing the 2017 indictment for the 2013 offense that tolls the statute of limitations. The statute of limitations for theft is five years. *See* TEX. CODE CRIM. PROC. art. 12.01(4)(A). "The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitations." *Id*. art. 12.05(b); *see Hernandez v. State*, 127 S.W.3d 768, 772 (Tex. Crim. App. 2004).

The State's re-indictment charged Mackey with the same set of conduct, acts, or transactions that Mackey was initially indicted for back in 2017 and included a sufficient tolling paragraph. *See Ex parte Doster*, 303 S.W.3d at 724. Therefore, we hold the prior indictment tolled the statute of limitations and on its face, the indictment does not show it is barred by the statute of limitations. *See Hernandez*, 127 S.W.3d at 772; *Ex parte Edwards*, 2022 WL 1421507, at *4; *cf. Tamez*, 38

–6–

S.W.3d at 161. The trial court did not err by denying the habeas petition. We overrule Mackey's issue.

## CONCLUSION

Under this record, we conclude the trial court did not err by denying Mackey's petition for writ of habeas corpus. We overrule his issue and affirm the judgment of the trial court.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b).
220221F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

EX PARTE: DENNY C MACKEY, Appellant

No. 05-22-00221-CR

On Appeal from the 422nd Judicial District Court, Kaufman County, Texas

Trial Court Cause No. 19-00324-422-F.

Opinion delivered by Justice Partida-Kipness. Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of February 2023.